■ MARY DI CARLO, as Administratrix of the Estate of BIAGGIO DI CARLO, Deceased, Appellant, v FORD MOTOR COMPANY, Respondent, and COUNTY OF NASSAU, Third-Party Defendant.—In a wrongful death action predicated upon products liability, plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County, dated April 23, 1979, which, *inter alia,* dismissed her complaint against defendant Ford Motor Company after the close of her evidence and (2) an order of the same court, dated May 22, 1979, which denied her motion, pursuant to CPLR 5015 (subd [a], par 3), to set aside the judgment and for a new trial. Judgment reversed and new trial granted as to all parties, with costs to abide the event. Appeal from the order dismissed as academic. Viewing the evidence in the light most favorable to the plaintiff *(African Metals Corp. v Bullowa,* 288 NY 78, 81), we are of the opinion that there was a rational basis by which the jury could have found in her favor (see *Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245). Mr. Stephen Wilder, plaintiff's primary witness, the possessor of an MIT engineering degree, and with an impressive background in motor vehicle engineering design and suspension and balance of vehicles, testified that the vehicle in question had four serious flaws. The inching pedal, which could be stepped on in an emergency to disengage the transmission and stop the vehicle without the necessity of shifting through the gears, was small and made of bare metal. Without rubber or a flange on the pedal, the

operator's foot could easily slip off. The gear selector level was in an inconvenient location and could not be easily reached in an emergency to shift the vehicle into neutral. A dead man's throttle, which is an automatic shutoff device, was not included in the design of the tractor. Finally, there was no decal warning that the use of anything other than the draw bar for pulling might lead to the vehicle flipping over. Although Wilder had limited experience dealing with tractors, he had the requisite expertise as to the broad issue presented by this case: whether the design of the vehicle in question was such as to create an unreasonable risk that it would tip over and injure its operator. The limitations of this witness' experience with the specific type of vehicle in question was a matter relevant to the weight to be accorded his testimony, and should not have served to disqualify him as an expert witness. His testimony was sufficient to have allowed the case to go to the jury. Lazer, J. P., Gibbons, Martuscello and O'Connor, JJ., concur.