■ EVAN BERK, Appellant, v BERNARD H. SCHENCK et al., Respondents.—In an action to recover damages for personal injuries allegedly suffered as the result of an automobile accident, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered October 9, 1984, which granted the defendants' motion pursuant to CPLR 4404 (a) to set aside, as against the weight of the evidence, a jury verdict in favor of the plaintiff in the principal sum of $740,000, less $40,000 because of the plaintiff's failure to have worn a seat belt.

Order reversed, as a matter of discretion, with costs, motion denied, and verdict reinstated.

On January 6, 1981, the plaintiff, Evan Berk, was a passenger in an automobile driven by the defendant Marc Schenck and owned by the defendant Bernard Schenck when the car went out of control and into a spin, eventually hitting a tree. The plaintiff was not wearing a seat belt at the time of the accident.

The medical evidence at trial established that in addition to leg and other bruises, the plaintiff sustained brain damage as a result of the accident which affected his memory, balance and concentration and also caused him to suffer from a

posttraumatic seizure disorder. There was, however, no conclusive evidence as to the exact manner in which the accident caused the plaintiff's injuries. The plaintiff himself had no independent memory of the accident. He testified that, on the day after the accident, the defendant Marc Schenck told him that the impact had driven Marc's shoulder into the left side of the plaintiff's head, and that the plaintiff's head also hit the windshield. There was additional evidence that the plaintiff was thrown against the passenger side door, and sustained injuries on that side of his body as a result.

Three physicians testified on the plaintiff's behalf. Only one of the three assumed as part of his diagnosis that the plaintiff's head had made contact with the car windshield, and a second assumed only that the plaintiff had sustained an unspecified blow to the head. However, the history taken by Dr. Gerwin, the plaintiff's treating physician, indicated that the plaintiff had been thrown upward and to the right, and had struck his head on the right side of the car. Dr. Gerwin also suggested the plaintiff's injuries could have been caused by the rapid movement of the brain within the skull cavity, which would not necessarily require a blow.

The defendants presented evidence that the automobile's front passenger seat had been equipped with a lap belt and a shoulder harness, both of which were operable at the time of the accident. Their engineer testified that had the plaintiff been wearing *both* the belt and the harness during the accident, his head could not have hit the windshield. From other testimony, however, it appears that the two restraining devices could *not* be worn at the same time, and the engineer further testified that use of the lap belt alone would not have prevented the plaintiff's head from striking either the dashboard or the passenger door or side post, the impact of either of which might cause head injuries.

The jury returned a verdict in favor of the plaintiff and against the defendants in the principal sum of $740,000. In response to the further question as to whether any of the plaintiff's injuries had been caused by his failure to wear an available lap belt or shoulder harness the jury answered affirmatively, and found that because of such failure, the plaintiff's total damages were to be reduced by $40,000.

The defendants thereafter moved under CPLR 4404 (a) to set aside the verdict as against the weight of the evidence. The trial court determined that the award was not so excessive as to shock the conscience of the court, but nevertheless

granted a new trial on the issue of damages, finding that the jury's reduction of the total award by only $40,000 represented an improper compromise verdict.

The granting of the defendant's motion here was an improvident exercise of discretion. There was sufficient evidence in the record from which the jury might properly conclude that while the failure to wear a restraining device may have contributed to the severity of the plaintiff's injuries, the plaintiff could have sustained essentially the same injuries had he been restrained, or had he not struck his head. As the verdict of the jury should not be disturbed unless it clearly appears that it was against the weight of the evidence *(Cohen v Hallmark Cards,* 45 NY2d 493, 498; *Taype v City of New York,* 82 AD2d 648), the verdict in the instant case must be reinstated. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.