■ ERROLL SCHNEER et al., Respondents, v ANTHONY BEL-LANTONI, Appellant. [672 NYS2d 756] —In an action, *inter alia*, to recover damages for the breach of a construction contract, the defendant appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered February 24, 1997, which, after a jury trial, was in favor of the plaintiffs and against him in the principal sum of $104,000 for compensatory damages and the principal sum of $7,500 for punitive damages.

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof, which directed the defendant to pay to the plaintiffs punitive damages in the principal sum of $7,500; as so modified, the judgment is affirmed, with costs to the defendant.

We agree with the defendant that the plaintiffs are not entitled to recover punitive damages. Although the jury found that the defendant was liable for breach of contract, "[i]t has always been held that punitive damages are not available for mere breach of contract, for in such a case only a private wrong, not a public right, is involved" (*Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358). Moreover, to the extent that the plaintiffs' case rested on allegations of fraud, they failed to establish that the defendant's conduct was so gross, wanton, or willful, or of such high moral culpability, as to justify an award of punitive damages (*see, Borkowski v Borkowski,* 39 NY2d 982, 983).

The defendant also contends that the trial court improperly admitted into evidence an audiotape of the administrative hearing where he pleaded guilty to the violation of operating a home improvement business without a license in order to impeach his credibility. The defendant's attorney did not object to the audiotape on the ground that it was inadmissible for impeachment purposes. Accordingly, the error was not preserved for appellate review and, under the facts and circumstances of this case, we decline to reach the issue in the exercise

of our interest of justice jurisdiction (*see,* CPLR 4017; *Loucas v A & A Trucking Co.,* 134 AD2d 326, 327).

Similarly, the defendant contends that the plaintiffs' attorney made several prejudicial remarks during his summation which warrant a reversal of the judgment. The defendant's attorney objected to only two of the challenged comments. Therefore, he failed to preserve for appellate review any claim of error with respect to the other comments. In any event, when read in context, the other comments were within the bounds of the wide latitude allowed to counsel in summation (*see, Herberer v Nassau Hosp.,* 119 AD2d 729, 730).

The defendant's remaining contentions are without merit. Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.