■ ASSET ALLIANCE CORPORATION, Appellant, v JEFFREY J. ERVINE, Respondent. [719 NYS2d 247] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 10, 2000, which denied and dismissed the petition to disqualify the law firm of Wechsler Bursky & Cohen from representing respondent Jeffrey John Ervine in an arbitration pending between the parties over petitioner Asset Alliance Corporation's alleged breach of an employment agreement, unanimously affirmed, without costs.

The IAS Court properly exercised its discretion in denying the petition to disqualify respondent Ervine's counsel in an arbitration proceeding concerning Ervine's purported entitlement to certain sums from Asset under an employment contract. Although counsel for Ervine represents two officers of Asset in an unrelated lawsuit seeking legal fees from a prior entity in which the Asset officers were principals, this representation does not create a conflict. The two matters are entirely distinct and involve wholly unrelated issues. Furthermore, Asset and Ervine are the only parties to the arbitration, and Asset was not a party to the lawsuit for legal fees. Under

such circumstances, dual representation and the concomitant potential for conflict do not exist (*see, Talvy v American Red Cross*, 205 AD2d 143, 149, *affd* 87 NY2d 826). Concur—Rosenberger, J. P., Tom, Mazzarelli, Ellerin and Wallach, JJ.