■ JOHN WILLIAMS et al., Respondents, v PELICAN PEST CONTROL, INC., Appellant. [782 NYS2d 748]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Palmieri, J.), dated June 26, 2003, as, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the plaintiff John Williams and against it in the principal sums of $250,000 for past pain and suffering and $150,000 for punitive damages and is in favor of the plaintiff Tina Williams and against it in the principal sums of $125,000 for past pain and suffering and $150,000 for punitive damages.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof awarding the plaintiffs punitive damages and adding thereto a provision granting that branch of the motion which was to set aside the jury verdict as to punitive damages; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the verdict was not against the weight of the evidence. A jury verdict should not be set aside as against the weight of the evidence "unless 'the jury

could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park,* 113 AD2d 129, 134 [1985], quoting *Delgado v Board of Educ.,* 65 AD2d 547 [1978]). In reviewing the record to ascertain whether the verdict was based on a fair interpretation of the evidence, great deference must be given to the fact-finding function of the jury, as it was in the foremost position to assess witness credibility (*see Schray v Amerada Hess Corp.,* 297 AD2d 339 [2002]). Under the circumstances of this case, the jury could have concluded, based on a fair interpretation of the evidence, that the defendant was negligent and that its negligence was the proximate cause of the plaintiffs' injuries.

However, as to the plaintiffs' claims for punitive damages, the awards were not supported by sufficient evidence and therefore should have been set aside (*see James v Powell,* 19 NY2d 249, 260 [1967]; *Rey v Park View Nursing Home,* 262 AD2d 624, 627 [1999]). The plaintiffs failed to establish that the defendant's conduct was so gross, wanton, or willful, or of such high moral culpability, as to justify awards of punitive damages (*see Borkowski v Borkowski,* 39 NY2d 982, 983 [1976]; *Schneer v Bellantoni,* 250 AD2d 666 [1998]).

Furthermore, the damage awards for past pain and suffering do not deviate materially from what would be reasonable compensation (*see Ramirez v City of New York,* 279 AD2d 563 [2001]; *Berk v Schenck,* 122 AD2d 823 [1986]).

The parties' remaining contentions are without merit. Smith, J.P., Crane, Cozier and Lifson, JJ., concur.