■ VINCENT JOHN GERNAT, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 104442.) [803 NYS2d 845]—

Appeal from a judgment of the Court of Claims (Renee Forgensi Minarik, J.), entered June 15, 2004 in a personal injury action. The judgment, after a nonjury trial, dismissed the claim.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed without costs.

Memorandum: Claimant, a member of the varsity ice hockey team at Buffalo State College, commenced this action to recover damages for injuries that he allegedly sustained when he was propelled into a door that was part of the hockey rink, and the door sprung open. The Court of Claims dismissed the claim following a trial, and we affirm. We reject the contention of claimant that the court abused its discretion in striking the testimony of his expert. Claimant failed to present sufficient evidence that his expert had the requisite expertise on the issue of the design of hockey rink doors (see generally Werner v Sun Oil Co., 65 NY2d 839, 840 [1985]; Matott v Ward, 48 NY2d 455, 459 [1979]), and his expert's testimony "was unsupported by foundational facts such as deviation from industry standards or statistics showing the frequency of injuries caused by such a design" (Cervone v Tuzzolo, 291 AD2d 426, 427 [2002]).

Also contrary to claimant's contention, the verdict is not against the weight of the evidence. According to claimant, defendant was negligent under a theory of premises liability. Thus, claimant had to establish that " 'a defective condition existed

and that the [property owner] affirmatively created the condition or had actual or constructive notice of its existence' " (*Hanley v Affronti*, 278 AD2d 868, 869 [2000]). Here, claimant presented no admissible evidence that the latch on the door was defective, nor did he present any evidence that defendant affirmatively created the condition. With respect to actual notice, claimant presented no evidence establishing that the door at issue previously had sprung open, nor did he present any evidence of prior complaints or difficulties with that door. To establish that defendant had constructive notice of the allegedly defective condition, claimant had to establish that the alleged defect was "visible and apparent and [existed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *cf. Gallagher v TDS Telecom*, 294 AD2d 860 [2002]), and claimant failed to meet that burden.

We also reject the contention of claimant that he was entitled to judgment under the doctrine of res ipsa loquitur. In order to establish entitlement to the application of that doctrine, claimant had to establish, inter alia, that his injury resulted from an event of a kind that ordinarily does not occur in the absence of someone's negligence and that the event was caused by an agency or instrumentality within the exclusive control of defendant (*see Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]). Here, claimant failed to establish either of those elements.

We have considered claimant's remaining contentions and conclude that they are without merit.

All concur except Gorski, J., who dissents and votes to reverse in accordance with the following memorandum.

Gorski, J. (dissenting). I respectfully dissent. Claimant sustained a career-ending injury to his knee during a full-contact practice of the Buffalo State College varsity ice hockey team when a door to the ice rink unexpectedly opened while claimant was engaged in full-body contact with another player. According to claimant, the door was equipped with a latch that was not properly designed to prevent the door from opening unexpectedly, and an additional deadbolt lock on the door was not engaged at the time of the accident.

In my view, the Court of Claims erred in striking the expert testimony presented by claimant. The expert, a mechanical engineer, concededly lacked experience in designing ice rink closures but nonetheless had designed products that required

secure closure, including locks and latches of various kinds. The credentials of claimant's expert and the factual basis for his opinions "were sufficient to warrant the court's consideration of those opinions" (*Sossin v Lewis*, 9 AD3d 849, 851 [2004], *amended on other grounds* 11 AD3d 1045 [2004]). Any limitations in the experience of claimant's expert with respect to the specific type of latch or securing device on the door at issue would affect only the weight to be accorded the expert's testimony, not its admissibility (*see Di Carlo v Ford Motor Co.*, 77 AD2d 643 [1980]).

Moreover, the court erred in refusing to strike the testimony of defendant's alleged expert, a former hockey player and current hockey coach with no technical knowledge of the mechanism used in latching doors or professional knowledge of the type generally equated with that of an expert in the field of either locking mechanisms or engineering. Indeed, the opinion of defendant's alleged expert was simply that ice rink doors open unexpectedly approximately two times each year, and his opinion was limited to his observations at various hockey rinks that did not include the hockey rink at issue herein. In determining the admissibility of expert testimony, the guiding principle is that expert opinion is proper only when it would help to clarify an issue calling for professional or technical knowledge beyond that of the finder of fact and possessed by the expert, which certainly cannot be said of defendant's alleged expert (*see De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *see generally Dufel v Green*, 84 NY2d 795, 797-798 [1995]).

I disagree with the majority's assertion that claimant presented no admissible evidence that the latch on the door was defective or that defendant had actual or constructive notice of the defective condition. According to the testimony of claimant's expert, which as I have noted herein should not have been stricken, the latch on the door was defective, hazardous and unsuitable for its intended purpose because there was minimal engagement of the latch, and such minimal engagement could cause disengagement of the latch when great force was applied to the door. Moreover, the evidence presented by claimant at trial established that defendant had actual or constructive notice of the recurring defective condition of the doors, including the door at issue herein. Claimant presented records establishing that the doors were frequently inspected by the maintenance personnel; that the doors underwent hardware replacement, including latch replacement; and that, as a safety precaution, defendant added a deadbolt to the subject door (*see generally Loguidice v Fiorito*, 254 AD2d 714 [1998]; *Migli v Davenport*, 249 AD2d 932 [1998]).

In light of the court's erroneous evidentiary rulings, which can only be viewed as critical to the ultimate resolution of this matter, I would reverse the judgment, reinstate the claim and grant a new trial before a different judge (*see* CPLR 4404 [b]). Present—Kehoe, J.P., Gorski, Martoche, Smith and Hayes, JJ.