■ FRANK MANNING, Appellant, v CITY OF NEW YORK et al., Respondents. [814 NYS2d 611]—Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered March 21, 2005, dismissing the complaint pursuant to an order, same court and Justice, entered April 17, 2003, which granted defendant's oral motion at a compliance conference to dismiss the complaint on the ground of plaintiff's repeated failure to comply with prior court orders, unanimously affirmed, without costs.

The judgment is not appealable as of right since it is based on an order that did not decide a motion made on notice (Hladun-Goldmann v Rentsch Assoc., 8 AD3d 73 [2004], citing Diaz v New York Mercantile Exch., 1 AD3d 242 [2003]). Nevertheless, we deem the notice of appeal to be a motion for leave to appeal (CPLR 5701 [c]), and grant such leave, as the record is suf-

ficient to permit review of the motion court's implicit findings that plaintiff's fourth bill of particulars, like the first three, goes beyond the scope of the complaint, and that plaintiff's noncompliance with three prior conditional orders directing service of a bill of particulars limited to the allegations of the complaint was willful and contumacious. Upon such review, we note, as we did in affirming the third order (11 AD3d 335 [decided Oct 19, 2004, after entry of order underlying the judgment on appeal]) that the second order denied a motion to amend the complaint so as to encompass the additional occurrences alleged in the bills of particulars, and find that the fourth bill of particulars alleges occurrences not alleged in the complaint in violation of three prior orders directing plaintiff not to do so. The only possible explanation is a willful and contumacious refusal to accept the boundaries of the case as set by the complaint and the court. Under the circumstances, dismissal of the complaint was a proper exercise of discretion (CPLR 3042 [c], [d]; 3126 [3]). Concur—Buckley, P.J., Saxe, Nardelli, Gonzalez and Catterson, JJ.