■ CHRISTOPHER F. JARVIS, Appellant, v LAFARGE NORTH AMERICA, INC., et al., Respondents. (Appeal No. 3.) [858 NYS2d 624]—Appeal from a judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 21, 2007 in a personal injury action. The judgment, among other things, dismissed the complaint upon a jury verdict.

Appeal from an amended judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 21, 2007 in a personal injury action. The amended judgment, among other things, dismissed the complaint upon a jury verdict.

It is hereby ordered that the amended judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from his motorcycle and slid across the pavement into a cement mixer operated by Gary W. Schildhauer (defendant). Prior to the accident, plaintiff was traveling in the southbound lane of a two-lane road, which was divided by a broken yellow line. Plaintiff had come to a complete stop behind a tractor-trailer that was attempting to make a right turn into the driveway of a facility operated by defendant LaFarge North America, Inc. (LaFarge). Defendant was stopped at the end of that driveway and, when the driver of the tractor-trailer waved defendant out of LaFarge's driveway, defendant slowly proceeded across the southbound lane and stopped at the center line. Plaintiff was aware that defendant was exiting the driveway, but he believed that the driver of the tractor-trailer had waved him, rather than defendant, forward, and he thus attempted to pass the tractor-trailer by driving in the northbound lane, whereupon the accident occurred. Plaintiff was unable to recall the details of the accident. The jury returned a verdict finding that defendant was not negligent, and Supreme Court denied plaintiff's post-trial motion to set aside the verdict based on defendant's violation of Vehicle and Traffic Law §§ 1143 and 1173 and for judgment as a matter of law or, alternatively, for a new trial on the ground that the verdict was against the weight of the evidence. We affirm.

We reject the contention of plaintiff that he was entitled to judgment as a matter of law, i.e., it cannot be said that there was " 'simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 273 [2007], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Addressing first Vehicle and Traffic Law § 1173, we note that it was undisputed that defendant stopped the cement mixer "at the point nearest the roadway to be entered where the driver ha[d] a view of approaching traffic thereon" (*id.*), and thus plaintiff was not entitled to judgment as a matter of law with respect to defendant's alleged violation of that section of the Vehicle and Traffic Law. Pursuant to section 1143 of the Vehicle and Traffic Law, "[t]he driver of a vehicle about to enter or cross a roadway . . . shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed," and we thus conclude that there was a valid line of reasoning and permissible inferences from which the jury could have determined that plaintiff was no longer "approaching on the roadway" because he had stopped behind the tractor-trailer, or that plaintiff had yielded the right-of-way to defendant (*see gen-

*erally Bruni v City of New York,* 2 NY3d 319, 328 [2004]; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 312 [1980], *rearg denied* 52 NY2d 784 [1980]). We further conclude that the court properly denied plaintiff's alternative request for a new trial. Affording the requisite deference to the jury's verdict, and in light of the evidence presented at trial, we cannot agree with plaintiff that the verdict is against the weight of the evidence (*see generally Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Williams v Pelican Pest Control, Inc.,* 11 AD3d 454 [2004], *lv denied* 4 NY3d 707 [2005]).

Contrary to the further contention of plaintiff, the court did not err in refusing to give a curative instruction concerning his use of a helmet. It was undisputed that plaintiff was wearing a helmet at the time of the accident. In any event, any issue concerning the use of a helmet was relevant only with respect to the issue of damages, and the jury never reached that issue. Also contrary to the contention of plaintiff, the court did not err in admitting evidence of his conduct on the motorcycle immediately before the accident, inasmuch as such evidence was relevant with respect to the issue of negligence (*see generally* Prince, Richardson on Evidence § 4-101 [Farrell 11th ed]).

We further conclude that the court properly refused to charge the jury that plaintiff had a reduced burden of proof pursuant to *Noseworthy v City of New York* (298 NY 76 [1948]), based on his retrograde amnesia. Although plaintiff established that he suffered from retrograde amnesia, he was not entitled to such a charge inasmuch as "[t]he parties were on an equal footing as to their access to knowledge of the events which caused the plaintiff's injuries" (*Kuravskaya v Samjo Realty Corp.,* 281 AD2d 518 [2001], *lv denied* 96 NY2d 716 [2001]). Any gaps in plaintiff's recollection of the accident could be "pieced together from [plaintiff's] trial testimony" and the testimony of nonparty eyewitnesses (*Fitzgibbon v County of Nassau,* 182 AD2d 670 [1992]; *see generally Miceli v GEICO Props.,* 215 AD2d 461 [1995]).

Finally, we conclude that the court properly granted that part of the pretrial motion of defendant and LaFarge for partial summary judgment dismissing plaintiff's premises liability claim against LaFarge. Defendants established that LaFarge maintained its driveway in a reasonably safe condition, that it did not design or construct the driveway, and that it neither "affirmatively created [the allegedly dangerous] condition [nor] had actual or constructive notice of its existence" (*Gernat v State of New York,* 23 AD3d 1015, 1016 [2005] [internal quotation marks omitted]; *see also Reinemann v Stewart's Ice Cream*

*Co.*, 238 AD2d 845, 846 [1997]). Further, under the circumstances of this case, any alleged defect in the premises " 'merely furnished the condition or occasion for the occurrence of the [accident and was not] one of its causes' " (*Margolin v Friedman*, 43 NY2d 982, 983 [1978]; *see Roy v Vilardo*, 197 AD2d 893 [1993]). Plaintiff failed to raise an issue of fact to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.