■ FAY DETRAGLIA, Individually and as Parent and Guardian of STEPHANIE DETRAGLIA, an Infant, Respondent, v ROBERT D. GRANT, JR., et al., Appellants, et al., Defendants. (And Another Related Action.) [890 NYS2d 696]—

Kane, J.

Defendant Robert D. Grant Jr. was driving a vehicle owned by his employer, defendant Hawkeye, LLC, when he collided with a vehicle driven by defendant Krystina Detraglia. According to the accident report, the accident occurred at 2:57 P.M. on March 13, 2006. Plaintiff, the parent of one of the two injured passengers in Detraglia's vehicle, commenced this action in May 2007 against, among others, Grant and Hawkeye (hereinafter collectively referred to as defendants).[1] During discovery, plaintiff demanded that defendants produce billing records for all three of Grant's cellular telephones and the Verizon wireless air card[2] for his company-issued laptop computer for the date of the accident between 12:00 P.M. and 4:00 P.M. These technological devices were all in his vehicle at the time of the accident, although Grant testified at his deposition that he was not using any of them when the accident occurred. Plaintiff also sought to depose Vincent Franzone, Hawkeye's information technology employee, concerning the whereabouts of these devices and

---

1. A separate action was commenced in November 2006 by the parents of the other injured passenger against, among others, Grant and Hawkeye. The actions were joined for discovery and trial.

2. A wireless air card allows a laptop computer to connect to the Internet, as long as the device is in an area where the company provides service.

Hawkeye's policies relating to storage and retention of technology records and equipment. Upon defendants' refusal to comply with these demands, plaintiff moved to compel disclosure. Supreme Court partially granted the motion by requiring defendants to produce the records for the three cellular telephones and wireless air card for the date of the accident between 1:00 P.M. and 3:30 P.M., and to produce Franzone for a deposition. Defendants appeal.

Although disclosure is limited to information that is material and necessary to the prosecution or defense of an action, the discovery statutes are liberally construed and trial courts are "afforded broad discretion in managing disclosure" (*American Assn. of Bioanalysts v New York State Dept. of Health*, 12 AD3d 868, 869 [2004]; *see* CPLR 3101 [a]; *Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000]). The record here contains information indicating that Grant may have been distracted immediately prior to the accident. There is also conflicting evidence concerning his possible use of the laptop computer in his vehicle. Grant testified at his deposition that the laptop was in a bag, either behind his seat or in the passenger seat, that he never used it while driving, and that while driving he never left it strapped to the computer desk bolted to the vehicle. The tow truck driver who arrived at the scene submitted an affidavit stating that he saw the laptop on the vehicle's computer desk, with the screen flipped up and turned on, indicating recent use. This conflicting evidence raised questions as to whether Grant used any technological devices while driving, rendering the records relevant to the question of his negligence. Accordingly, Supreme Court did not abuse its discretion in determining that the records were subject to disclosure (*see Andon v 302-304 Mott St. Assoc.*, 94 NY2d at 747; *Czarnecki v Welch*, 23 AD3d 914, 915 [2005]). Disclosure of the records should be limited to a narrow time frame surrounding the accident, namely 2:30 P.M. to 3:30 P.M. (*see McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003]; *Morano v Slattery Skanska, Inc.*, 18 Misc 3d 464, 475 [2007]). However, the records should be provided for the court to review in camera, with the court providing the parties only relevant information redacted to protect defendants' privacy interests (*see Morano v Slattery Skanska, Inc.*, 18 Misc 3d at 475).

The telephones and laptop that Grant possessed on the date of the accident were upgraded for newer models, the original devices were returned to Hawkeye and those originals possibly contained information concerning whether they were in use at the time of the accident. Thus, Supreme Court correctly

determined that Franzone's deposition could reveal material information (*see Walsh v Liberty Mut. Ins. Co.*, 289 AD2d 842, 843 [2001]).

Cardona, P.J., Peters, Lahtinen and Stein, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by requiring defendants Robert D. Grant Jr. and Hawkeye, LLC to provide the demanded cellular telephone and wireless air car records for March 13, 2006 from 2:30 P.M. to 3:30 P.M. to the Supreme Court for in camera review, and, as so modified, affirmed.