■ AllianceBernstein L.P., Respondent, v William Atha, Appellant. [954 NYS2d 44]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered May 11, 2012, which, inter alia, directed defendant to deliver his iPhone to plaintiff's counsel, unanimously reversed, on the law, the order vacated, and the matter remanded for further proceedings consistent herewith, without costs.

Plaintiff, an investment firm, brought this suit against defendant, a financial analyst, shortly after he left plaintiff's employ for another firm. Plaintiff alleges that defendant breached his employment contract by, among other things, misappropriating plaintiff's confidential information, including client contact data, and using the information to solicit plaintiff's clients on behalf of his new employer.

Within days of commencing this action, plaintiff sought and obtained a temporary restraining order (TRO) prohibiting defendant from retaining or using plaintiff's confidential information. Thereafter, during his deposition by plaintiff, defendant

stated that, while working for plaintiff, he had serviced its clients by calling them on his personal iPhone and that the device contained contact information for a few clients. On plaintiff's subsequent request, defendant turned his iPhone over to his counsel to comply with the TRO's requirement that he not retain plaintiff's confidential information.

Around this time, plaintiff served document requests on defendant which included a demand for his iPhone's call logs from the date he left plaintiff's employ. When defendant resisted producing the information on his iPhone on the ground that, among other things, production would infringe on his privacy rights, plaintiff wrote a letter to the court stating that a discovery dispute had arisen and requesting that the court hold a pre-motion discovery conference pursuant to its rules. Without giving defendant a chance to respond to plaintiff's letter and without holding a conference, the court issued an order directing defendant to deliver his iPhone to plaintiff's counsel within five days of the order's entry "to enable [plaintiff] to obtain the contact information it requested at [defendant's] deposition."

The court's order is not appealable as of right because it did not decide a motion made on notice (*see* CPLR 5701 [a]). However, in the interest of judicial economy, we deem the notice of appeal to be a motion for leave to appeal, and grant such leave (*see Milton v 305/72 Owners Corp.*, 19 AD3d 133 [1st Dept 2005], *lv dismissed and denied* 7 NY3d 778 [2006]; CPLR 5701 [c]).

The court should have afforded defendant an opportunity to respond to plaintiff's letter application before ruling. Moreover, its order that defendant turn over his iPhone is beyond the scope of plaintiff's request that the court "compel defendant's timely production of the requested information *from* his iPhone" (emphasis supplied) and is too broad for the needs of this case. The TRO adequately addressed plaintiff's concern that defendant may have retained confidential information about plaintiff's clients. However, ordering production of defendant's iPhone, which has built-in applications and Internet access, is tantamount to ordering the production of his computer. The iPhone would disclose irrelevant information that might include privileged communications or confidential information. Accordingly, the iPhone and a record of the device's contents shall be delivered to the court for an in camera review to determine what if any information contained on the iPhone is responsive to plaintiff's discovery request. In camera review will ensure that only relevant, non-privileged information will be disclosed (*see Neuman v Frank*, 82 AD3d 1642, 1643-1644 [4th

Dept 2011]; *Detraglia v Grant*, 68 AD3d 1307, 1308 [3d Dept 2009]). Concur—Friedman, J.P., Sweeny, Moskowitz, Freedman and Román, JJ.