Order Supreme Court, New York County (Joan M. Kenney, J.), entered July 14, 2011, which, inter alia, granted plaintiffs a conditional order of preclusion, unanimously modified, on the facts, to clarify that the conditional order of preclusion is limited to those documents identified therein as either missing, or not disclosed, and otherwise affirmed, without costs. Order same *524 court and Justice, entered May 17, 2012, which, to the extent appealed from, as limited by the briefs, ordered an adverse inference charge and limited preclusion against the defendant, unanimously affirmed, without costs.
Plaintiffs brought this action alleging that defendant insurance company (NYCM) acted in bad faith when it failed to make any settlement offer in an underlying personal injury action (Sette action) where there was ultimately a verdict against General Motors Acceptance Corporation (GMAC) that exceeded GMAC’s primary insurance coverage by $1.2 million.
Following the deposition of defendant’s former claims examiner in which she identified documents maintained by defendant in the Sette action, two prior court orders directing defendant to produce documents, and defendant’s insistence that none existed, plaintiffs moved for discovery sanctions against defendant. In its order entered July 14, 2011, the motion court granted plaintiffs a conditional order of preclusion, allowing defendant one final opportunity to produce the documents. The motion court properly exercised its discretion in granting a conditional order at that time as a sanction for defendant’s noncompliance with discovery (CPLR 3126; see Gibbs v St. Barnabas Hosp., 16 NY3d 74 [2010]).
The July 14, 2011 order is, however, internally inconsistent. In one decretal paragraph the motion court precluded defendant from offering “any evidence in opposition to the plaintiffs’] claim of liability,” while in another decretal paragraph the motion court limited the scope of preclusion “to those matters not disclosed as directed herein and an adverse inference at trial with respect to the missing documents which are the subject of the within motion application.” The July 14, 2011 conditional order is, therefore, modified solely to harmonize these discrepant decretal paragraphs and clarify that the conditional order of preclusion only pertained and is limited to those documents identified therein as either missing or not disclosed.
Subsequently defendant provided the sworn affidavit of Diane Wildey, its vice president, who averred that she had made a “thorough search” of NYCM files and that documents compliant with the court’s July 14, 2011 order were being produced.
Plaintiff brought a second motion for discovery sanctions. While the motion court acknowledged that there had been partial compliance with the July 14, 2011 order, defendant’s production was still clearly deficient. There is evidence that the May 19, 2000 claims meeting involving the Sette action was recorded and transcribed, but no transcript of that meeting was produced by defendant. After providing several sworn affidavits *525 that Wildey had conducted a thorough search for the transcript of that meeting but had not found it, defendant then provided a contradictory sworn affidavit with a copy of a document reportedly being the transcription of the minutes of that meeting. Not only was the document produced heavily redacted and not what is commonly understood as a transcription, but Wildey offered no explanation for not finding the document sooner despite her “thorough” search, or for the incompleteness of the document.
Additionally, defendant’s production of correspondence between NYCM and monitoring counsel Baxter & Smith is patently incomplete, consisting only of letters from Baxter & Smith to NYCM. Despite Wildey’s sworn affidavit denying the existence of any correspondence from NYCM to Baxter & Smith regarding this case, the Baxter & Smith letters make multiple references to correspondence apparently received from NYCM, and other record evidence, including the testimony of counsel, and the billing records of the firm (which have never been disputed by New York Central), supports the existence of such correspondence.
Having been conditionally ordered to produce all correspondence by and between NYCM and Baker & Smith, and the transcripts of the audio tapes of meetings regarding the Sette action, in order to successfully oppose plaintiff’s motion for discovery sanctions, defendant had to demonstrate (1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a meritorious claim or defense in order to relieve itself from the dictates of that order (see Gibbs v St. Barnabas Hosp., 16 NY3d at 80). Defendant did not satisfy these requirements. Defendant’s history of noncompliance with the court’s prior discovery orders supports the motion court’s finding that defendant’s actions were wilful and contumacious (see Manning v City of New York, 29 AD3d 361 [1st Dept 2006], lv denied 7 NY3d 708 [2006]). The court providently granted plaintiffs’ motion for an order precluding defendant from offering any evidentiary proof with respect to the transcription of committee meetings and/or correspondence by and between Baxter & Smith and defendant in defense and/or opposition to plaintiffs’ prosecution of their bad faith claim at trial (see Gogos v Modell’s Sporting Goods, Inc., 87 AD3d 248 [1st Dept 2011]; Kugel v City of New York, 60 AD3d 403 [1st Dept 2009]; Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term., 1 AD3d 168, 168 [1st Dept 2003]).
Plaintiffs also made a prima facie showing that defendant had either intentionally or negligently disposed of the transcript of the May 19, 2000 meeting and that the spoliation of this critical *526 evidence compromised its ability to prosecute their bad faith action against defendant (Ortega v City of New York, 9 NY3d 69 [2007]; Squitieri v City of New York, 248 AD2d 201 [1st Dept 1998]). The motion court did not abuse its discretion in finding that certain evidence may have existed, but was not produced by defendant either because it was destroyed or withheld. Although plaintiffs moved to strike the answer, the court imposed the reasonable lesser sanction of an adverse inference charge, which will prevent defendant from using the absence of these documents at trial to its tactical advantage (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33 [1st Dept 2012]; Minaya v Duane Reade Intl., Inc., 66 AD3d 402 [1st Dept 2009]). Concur — Andrias, J.E, Renwick, Freedman and Gische, JJ. [Prior Case History: 2011 NY Slip Op 31942(U).]