Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered October 11, 2012, which, to the extent appealable, denied defendant’s motion to disqualify plaintiffs’ counsel, unanimously affirmed, with costs.
The portion of the subject order that denied defendant’s oral application to supplement the record did not resolve a motion made on notice, so no interlocutory appeal lies therefrom as of right (CPLR 5701 [a] [2]; see Sholes v Meagher, 100 NY2d 333, 336 [2003]; Smith v United Church of Christ, 95 AD3d 581 [1st Dept 2012], lv denied and dismissed 19 NY3d 940 [2012]; Manning v City of New York, 29 AD3d 361 [1st Dept 2006], lv denied 7 NY3d 708 [2006]). Defendant’s remedy was to either move Supreme Court to vacate the order that denied its application, the denial of which would have been appealable (see Sholes, 100 NY2d at 335), or to move for leave to appeal to this Court by permission (see CPLR 5701 [c]; AllianceBernstein L.P. v Atha, 100 AD3d 499 [1st Dept 2012]; Manning, 29 AD3d at 361), and defendant did not avail itself of either remedy.
Supreme Court providently exercised its discretion in denying defendant’s motion to disqualify Jones Day from representing plaintiffs in this action because Jones Day informed defendant about potential conflicts, and defendant waived its right to protest thereto (see McElduff v McElduff, 101 AD3d 832, 833 [2d Dept 2012]; Harris v Sculco, 86 AD3d 481 [1st Dept 2011]). By agreement dated March 7, 2008 Jones Day undertook to represent defendant regarding certain “intellectual property litigation and trade mark registration” in Asia. That agreement expressly informed defendant about the possibility that Jones Day’s present or future clients “may be direct competitors of [defendant] or otherwise may have business interests that are contrary to [defendant]’s interests,” and “may seek to engage [Jones Day] in connection with an actual or potential transaction or pending or potential litigation or other dispute resolution proceeding in which such client’s interests are or potentially may become adverse to [defendant’s interests.” That agreement unambiguously explained that Jones Day could not represent defendant unless defendant confirmed this arrangement was amenable to defendant, thereby “waiv[ing] any conflict of interest that exists or might be asserted to exist and any other *617 basis that might be asserted to preclude, challenge or otherwise disqualify Jones Day in any representation of any other client with respect to any such matter.” The agreement also provided, “However, please note that your instructing us or continuing to instruct us on this matter will constitute your full acceptance of the terms set out above and attached.” It is undisputed that Jones Day continued to represent defendant with respect to defendant’s Asian trademark portfolio thereafter and, thus, defendant accepted the terms of the agreement, including waiver of the alleged conflict at issue.
Moreover, the interests of defendant that Jones Day represents, namely intellectual property litigation and trademark registration exclusively in Asia, do not conflict with defendant’s interests at issue here (see Develop Don’t Destroy Brooklyn v Empire State Dev. Corp., 31 AD3d 144, 152 [1st Dept 2006], lv denied 8 NY3d 802 [2007]; Asset Alliance Corp. v Ervine, 279 AD2d 365 [1st Dept 2001], lv dismissed 96 NY2d 792 [2001]), and are entirely unrelated (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 130 [1996]; Reem Contr. Corp. v Resnick Murray St. Assoc., 43 AD3d 369, 371 [1st Dept 2007]; Medical Capital Corp. v MRI Global Imaging, Inc., 27 AD3d 427, 428 [2d Dept 2006]; St. Barnabas Hosp. v New York City Health & Hosps. Corp., 7 AD3d 83, 89 [1st Dept 2004]).
Plaintiffs’ argument that this appeal should be dismissed on the ground of “laches” is without merit. Laches is an affirmative defense to an equitable claim that is stale and is not a proper ground for dismissal of an appeal, and, in any event, defendant timely noticed and perfected this appeal (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003], cert denied 540 US 1017 [2003]; 22 NYCRR 600.11 [a] [3]). Also unavailing is plaintiffs’ argument that this appeal should be dismissed as moot because it was not heard until after the trial commenced (see Magjuka v Greenberger, 46 AD2d 867 [1st Dept 1974]). Concur — Gonzalez, P.J., Renwick, De-Grasse, Manzanet-Daniels and Feinman, JJ.