# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1127**
**CA 15-00771**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

DAVID SMALLEY AND JUDITH SMALLEY,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

HARLEY-DAVIDSON MOTOR COMPANY GROUP LLC,
AND STAN'S HARLEY-DAVIDSON, INC.,
DEFENDANTS-RESPONDENTS.

---

LADUCA LAW FIRM, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

QUARLES & BRADY LLP, MILWAUKEE, WISCONSIN (LARS E. GULBRANDSEN, OF THE
WISCONSIN BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND HARTER SECREST
& EMERY LLP, ROCHESTER, FOR DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered July 28, 2014. The order, among other things, granted defendants' motion seeking an order confirming that certain prior evidentiary rulings made by the court constitute the law of the case.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of defendants' motion seeking to preclude the expert testimony and evidence of customer complaints to the extent such evidence is relevant to defendants' continuing duty to warn, and as modified the order is affirmed without costs in accordance with the following memorandum: In this products liability case, plaintiffs appeal from an order that, among other things, granted defendants' motion to preclude plaintiffs from introducing certain expert testimony of an electrical engineer and evidence of certain customer complaints at trial. Plaintiffs, who were injured when their motorcycle allegedly lost electrical power while they were riding it, sought to introduce the expert testimony to demonstrate that their motorcycle suffered from the same defect as motorcycles recalled by Harley-Davidson Motor Company Group LLC (defendant) in 2004. According to defendant's recall notice, the defect could cause the motorcycles to experience a loss of electrical power while being driven, known as a "quit while riding" event. Plaintiffs sought to introduce the evidence of customer complaints to demonstrate that defendant had notice of "quit while riding" events experienced by owners of motorcycles similar to plaintiffs' motorcycle prior to plaintiffs' accident, and thus that defendant had notice of the defect from which their motorcycle allegedly suffered.

At trial in 2013, Supreme Court granted in part defendants' motions in limine by precluding evidence of the customer complaints to the extent that such complaints did not relate to "quit while riding" events involving the same 1999 motorcycle model that was involved in plaintiffs' accident; precluding plaintiffs from presenting evidence relating to defendant's 2004 recall through the testimony of their accident reconstruction expert; and precluding plaintiffs from presenting certain expert testimony, including the testimony of their electrical engineer expert, on the ground that it was untimely disclosed. On appeal from the latter ruling, we held, inter alia, that the court erred in precluding the testimony of plaintiffs' electrical engineer expert on untimeliness grounds, and that the court instead should have adjourned the trial (*Smalley v Harley-Davidson Motor Co., Inc.*, 115 AD3d 1369, 1370).

Following a mistrial and our decision regarding the testimony of plaintiffs' electrical engineer expert, defendants moved for an order confirming, as "law of the case," the court's prior rulings granting in part defendants' motions in limine with respect to the evidence concerning defendant's 2004 recall, which plaintiffs sought to introduce through their electrical engineer expert, and the evidence of customer complaints. In the alternative, the motion sought an order granting defendants' motions in limine with respect to that evidence. The court granted the motion, precluding plaintiffs from introducing evidence of the recall through their expert, and precluding plaintiffs from introducing any customer complaints that do not relate to "quit while riding events" involving the exact same 1999 model of defendant's motorcycle that plaintiffs were riding at the time of their accident.

Even assuming, arguendo, that defendants are correct that the court was bound to adhere to its prior rulings by "law of the case," we note that "this Court is not bound by the doctrine of law of the case, and may make its own determinations" whether the evidence at issue is admissible (*Ramanathan v Aharon*, 109 AD3d 529, 531; *see generally Martin v City of Cohoes*, 37 NY2d 162, 165).

On the merits, we conclude that the court erred in granting that part of defendants' motion seeking to preclude the testimony of plaintiffs' electrical engineer expert and the customer complaints to the extent that such evidence is relevant to defendants' continuing duty to warn. We therefore modify the order accordingly. "A manufacturer or retailer may . . . incur liability for failing to warn concerning dangers in the use of a product which come to his attention after manufacture or sale . . . through being made aware of later accidents involving dangers in the product of which warning should be given to users . . . Although a product [may] be reasonably safe when manufactured and sold and involve no then known risks of which warning need be given, risks thereafter revealed by user operation and brought to the attention of the manufacturer or vendor may impose upon one or both a duty to warn" (*Cover v Cohen*, 61 NY2d 261, 274-275). "What notice . . . will trigger [this] postdelivery duty to warn appears to be a function of the degree of danger which the problem involves and the number of instances reported . . . [Whether] a prima facie case on

that issue has been made will, of course, depend on the facts of each case" (*id*. at 275-276).

Defendant's recall was first issued in March 2004, prior to plaintiffs' accident on April 30, 2004. A determination that plaintiffs' motorcycle should have been included in the recall would be relevant to defendants' duty to warn plaintiffs of the defect that, plaintiffs allege, caused a "quit while riding" event in their motorcycle and thereby caused or contributed to their accident. Plaintiffs' expert, an electrical engineer, expects to testify in part that plaintiffs' motorcycle does not differ in any material respect from those included in the 2004 recall, despite the fact that plaintiffs' motorcycle did not have the same stator as the motorcycles affected by the recall. In our view, the expert's qualifications as an electrical engineer qualify him to opine whether the motorcycles "were the same in all significant respects" (*Bolm v Triumph Corp*., 71 AD2d 429, 438-439, *lv dismissed* 50 NY2d 801, 928), and the fact that the expert has done no testing goes to the weight to be given to his testimony, not its admissibility (*see e.g. Di Carlo v Ford Motor Co.*, 77 AD2d 643, 644).

In addition, to the extent that the evidence of customer complaints that plaintiffs seek to introduce concerns accidents prior to April 30, 2004 involving "quit while riding" events that "were, in their relevant details and circumstances, substantially similar to the subject accident" (*White v Timberjack*, 209 AD2d 968, 969), that evidence is also relevant to defendants' duty to warn. Thus, plaintiffs should be allowed the opportunity to demonstrate that the customer complaints they seek to introduce are admissible because they involve motorcycles sufficiently similar to theirs and accidents sufficiently similar to the subject accident, even if the motorcycles that are the subject of those complaints are not identical in model and year of manufacture to plaintiffs' motorcycle. Contrary to defendants' contention, those customer complaints are not impermissible hearsay. They are not being offered for the truth of the factual assertions therein, but, rather, they are being offered as evidence that the statements in those complaints were in fact made, and that defendants had notice of them (*see generally Stern v Waldbaum, Inc*., 234 AD2d 534, 535).

Plaintiffs further contend that we should address the admissibility of the document untimely disclosed by defendants, and determine "in the interest of judicial economy" that the document is inadmissible. Because the court granted plaintiffs' cross motion to preclude that document, plaintiffs are not aggrieved, and their contention concerning the admissibility of the document is not before us (*see generally* CPLR 5511). Finally, contrary to plaintiffs' contention, nothing in the record raises a "reasonable concern about the court's appearance of impartiality" (*R&R Capital LLC v Merritt*, 78 AD3d 533, 534, *lv dismissed* 17 NY3d 769), and we therefore see no reason to direct that the matter be reassigned to another Justice.

Entered: December 31, 2015              Frances E. Cafarell
Clerk of the Court