Tousant v Aragona (2022 NY Slip Op 04871)

Tousant v Aragona

2022 NY Slip Op 04871

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND BANNISTER, JJ.

559 CA 21-00922

[*1]KRISTIE R. TOUSANT, INDIVIDUALLY AND AS LEGAL GUARDIAN OF ANTHONY J. FARRELL, PLAINTIFF-RESPONDENT,
v
JOHN M. ARAGONA AND CENTRAL SQUARE CENTRAL SCHOOL DISTRICT, DEFENDANTS-APPELLANTS. (APPEAL NO. 2.) 

THE LONG LAW FIRM, PLLC, SYRACUSE (JAMES AUSTIN LONG OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered June 11, 2021. The order, insofar as appealed from, denied the motion of defendants to compel production of the cell phone of Anthony J. Farrell. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the matter is remitted to Supreme Court, Oswego County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this negligence action, individually and on behalf of her son, Anthony J. Farrell, seeking damages for injuries sustained by Farrell when the vehicle he was operating collided with a school bus operated by defendant John M. Aragona and owned by defendant Central Square Central School District. The accident left Farrell in a vegetative state.
During discovery, defendants moved for production of and information from Farrell's cell phone, seeking to determine whether he was using the phone at or near the time of the accident. Supreme Court denied the motion insofar as it sought production of the phone, but granted the motion to the extent it sought cell phone records from Farrell's service provider. Defendants appeal, in appeal No. 1, from the order insofar as it denied their request to compel production of the cell phone. We affirm the order in that appeal for reasons stated in the December 6, 2019 bench decision at Supreme Court.
Although the cell phone records subsequently obtained from the service provider established that Farrell was not talking on his phone at the time of the accident, they did not indicate whether he opened or sent text messages during the relevant time period. On the phone used by Farrell, texts were sent as encrypted "iMessages" that do not show up on phone records. Moreover, the phone records did not indicate whether Farrell was using any applications on his phone, such as Snapchat or Facebook.
Defendants thereafter filed a second motion, once again seeking production of and access to Farrell's cell phone, asserting that examination of the device is necessary to establish whether Farrell was using it at the time of the accident for purposes other than verbal communication. Defendants appeal, in appeal No. 2, from an order denying their motion. In ruling for a second time that plaintiff did not have to produce Farrell's cell phone for examination, the court reasoned that "[n]o factual basis has been presented [by defendants] to suggest that the cell phone [was] being used for texting and this is reasonably to be required before any further discovery concerning the cell phone" is ordered.
As a preliminary matter, we reject any contention that our determination is preordained by the law of the case doctrine (see Smalley v Harley-Davidson Motor Co. Group LLC, 134 AD3d 1490, 1492 [4th Dept 2015]; see generally Martin v City of Cohoes, 37 NY2d 162, 165 [1975]) and, therefore, we address the merits of defendants' contentions.
Although "[m]odern cell phones . . . hold for many Americans 'the privacies of life' " (Riley v California, 573 US 373, 403 [2014]), New York has a liberal disclosure statute, requiring "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a] [emphasis added]; see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376 [1991]). As defendants correctly contend, "New York discovery rules do not condition a party's receipt of disclosure on a showing that the items the party seeks actually exist; rather, the request need only be appropriately tailored and reasonably calculated to yield relevant information" (Forman v Henkin, 30 NY3d 656, 664 [2018] [emphasis added]).
Defendants "satisf[ied] the threshold requirement that the[ir] request [was] reasonably calculated to yield information that [was] 'material and necessary'—i.e., relevant—" to issues involved in the action (id. at 661). "The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). In support of the motion in appeal No. 2, defendants submitted evidence that Farrell was traveling at close to 80 miles per hour seconds before the accident, which occurred on a residential road near an elementary school. Defendants also submitted evidence that Farrell did not brake before colliding with the school bus. Evidence concerning whether Farrell was distracted before the collision is relevant to the issues involved in this negligence action, and defendants' request for production of or access to his cellular phone is reasonably calculated to yield relevant information (see Forman, 30 NY3d at 664), especially considering that Farrell is unable, due to his injuries, to provide any information regarding his activities in the moments before the accident (cf. Detraglia v Grant, 68 AD3d 1307, 1307 [3d Dept 2009]).
Whether Farrell was using his cellular phone at the time of his accident constitutes information that will certainly "lead to the discovery of information bearing on the claims" (Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421 [2d Dept 1989]; see Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]). Indeed, "[i]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or for cross-examination or in rebuttal, it should be considered [matter] material in the action" (Vargas v Lee, 170 AD3d 1073, 1075 [2d Dept 2019] [emphasis added and internal quotation marks omitted]).
As defendants contend, their motion papers in appeal No. 2 "adequately demonstrated that the issue of whether [Farrell] was using [his] cellular telephone at the time of the accident was relevant to the . . . contention that [Farrell] was negligent in the operation of [his] motor vehicle" (D'Alessandro v Nassau Health Care Corp., 137 AD3d 1195, 1196 [2d Dept 2016]; cf. Evans v Roman, 172 AD3d 501, 502 [1st Dept 2019]). We therefore reverse the order in appeal No. 2 insofar as appealed from, grant the motion, and remit the matter to Supreme Court to fashion "an order tailored to [this] controversy that identifies the types of materials that must be disclosed while avoiding disclosure of nonrelevant materials" (Forman, 30 NY3d at 665; see generally Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 747 [2000]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court