(December 31, 1991)

■ Donald F. Connor, Jr., Appellant, v City of New York, Respondent, et al., Defendant.—Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered May 14, 1990, upon a jury verdict apportioning liability 40% to defendant City of New York and 60% to plaintiff and awarding damages in the amount of $500,000, unanimously modified, on the law and the facts, to the extent of vacating the judgment in favor of plaintiff-appellant and ordering a new trial on the issue of damages for future lost earnings and past and future pain and suffering, unless the defendant-respondent, within 20 days after service upon its attorney of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to increase the total award to said plaintiff to $1,000,000, subject to the above apportionment, and the entry of an amended judgment in accordance therewith. If defendant so stipulates, the judgment, as so amended and increased, is affirmed, without costs.

This action for personal injuries arose out of a two car collision on May 4, 1984 at Pelham Parkway and Crimi Road in the Bronx. The accident occurred when plaintiff, after slowing, but not stopping, at the intersection, accelerated onto the Parkway, thereupon colliding with the van driven by defendant Joseph Goonan. It was uncontroverted that the stop sign which should have been present at the intersection had been missing for anywhere between one month and a year.

The medical testimony, as well as the records of Jacobi Hospital, the Naval Hospital at Bethesda, Maryland, and the Veterans Administration Hospital demonstrated that plaintiff sustained a serious brain injury resulting in permanent brain damage. As a result, he suffered, and will continue to suffer, headaches, loss of long and short term memory, cognitive dysfunction, speech impairment, facial assymetry, dystaxia and personality change. Additionally, plaintiff suffered a permanent vascular injury in his leg which causes continuing

pain and is associated with future risk of embolization to the lungs and heart and other complications which had, at the time of trial, already resulted in two hospitalizations for complications associated with phlebothrombitis. These injuries resulted in plaintiff's medical discharge from the Navy, where, prior to the accident, he had had a successful career, and to his being substantially unable to perform the tasks necessary to sustaining virtually any type of employment.

The jury returned a verdict which found that defendant Goonan was not liable and which apportioned liability between the City and plaintiff at 40% and 60%, respectively. It set damages at the amount of $500,000, which included awards of $170,000 for future lost wages, $110,000 for past pain and suffering and $110,000 for future pain and suffering.

We find that the trial court erred by allowing testimony concerning a prior accident in which plaintiff allegedly suffered a head injury. While a defendant is generally "entitled to put before the jury testimony intended to exclude plaintiff's pre-existing condition from the damage he suffered" (*Monahan v Weichert*, 82 AD2d 102, 108), in this case there was no evidence that plaintiff had suffered injuries in that accident which could have contributed to any of the disabilities which were the basis of damages in the instant case. However, in the context of the case taken as a whole, we find that the impact of this questioning was minimal and its erroneous admission does not warrant a new trial.

Plaintiff's argument that he was precluded from offering evidence of a subsequent, allegedly similar accident, is not preserved for review.

Finally, with respect to damages, we find that the jury's award materially deviates from reasonable compensation and must be set aside. In particular, after contrasting plaintiff's pre-accident successful Navy career with his very limited post-accident employability, it is clear that the jury's assessment of future lost wages of $170,000 for this 34 year old man was completely inadequate. In addition, the evidence of pain and suffering, both past and future, was substantial, and the jury's total award of $220,000 does not represent reasonable compensation. Accordingly, we find that a total award of $1,000,000, encompassing all elements of damages, is more in accord with reasonable compensation for such injuries. Concur—Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.