■ John W. Facci, Respondent, v General Electric Company, Appellant. (And a Third-Party Action.) [596 NYS2d 928] — Yesawich Jr., J. Appeal from an amended judgment of the Supreme Court (Lynch, J.), entered April 3, 1992 in Schenectady County, upon a verdict in favor of plaintiff.

On February 4, 1985 plaintiff, who was at that time 16 years old and working part time as a dishwasher for third-party defendant Oxbow Inn, Ltd., was severely burned while attempting to dispose of the hot oil from a deep-fat fryer manufactured by defendant. This action to recover damages for personal injuries, based on theories of negligence and strict products liability, followed. A jury awarded plaintiff $311,423.45 for his medical expenses, lost wages, and pain and suffering, and apportioned liability for the accident 75% against defendant, who was found liable in negligence and

strict products liability, and 25% against third-party defendants, who were found to have been negligent. Contending that these findings are against the weight of the evidence, and also that certain evidence was improperly admitted, defendant appeals from the amended judgment entered on the verdict.

In support of its argument that plaintiff failed to demonstrate a causal link between the design of the fryer and the accident, defendant points to the undisputed fact that plaintiff was carrying the vat of oil out the door when he slipped and fell. Because the oil would have had to be carried out for disposal regardless of the design of the fryer, defendant maintains that it was the method of carrying the oil—a consequence of the inadequate instructions given plaintiff by his supervisors—and the condition of the landing on which plaintiff slipped, rather than any defect in the fryer itself, that caused the accident.

On this record it cannot be said that the verdict is so greatly contrary to the preponderance of the proof "that a jury could not have rendered it by any fair interpretation of the evidence" (Esner v Janisziewski, 180 AD2d 991, 993). To establish that the fryer was poorly designed and that the defect caused his injuries, plaintiff elicited testimony from two engineers. These experts agreed that the size and configuration of the oil vat made it awkward and difficult to carry when full, and that the lack of a drain or pour spout for emptying the oil into another, safer container for disposal—such as a pail with a lid—rendered the fryer unsafe. In addition, they both noted that no warning of the danger presented by the hot oil was found on the machine itself, and that the instruction manual for the fryer contemplated that the oil would be emptied while still hot—it admonished the user to "[u]se heat protection over hands". From this, the jury could have reasonably concluded that defendant's failure to include a drain or pour spout on the fryer, either alone or in combination with its failure to adequately warn users of the danger, was a substantial factor in bringing about plaintiff's injury (see, Vinogradov v Clicquot Club Co., 55 AD2d 489, 491-492).

Nor do we find the jury's apportionment of liability unreasonable. There was ample evidence that the direct actions of defendant, in placing the defectively designed and unreasonably unsafe fryer on the market, contributed significantly to the accident. Where, as here, the evidence supports a finding that both parties bear substantial responsibility for the injury, the determination of whose fault played the more critical role

in its causation is properly left to the fact finder *(see, Opera v Hyva, Inc.,* 86 AD2d 373, 379).

Defendant next argues that it was improper for Supreme Court to allow plaintiff's counsel to read into evidence certain parts of the deposition testimony of a former employee of defendant, Robert Rondot, which dealt with other lawsuits involving defendant's deep-fat fryers. Although evidence of prior similar accidents may be admissible to show notice of a defect, and both prior and subsequent accidents may be proffered to demonstrate that a product is dangerous or defective *(see, Klatz v Armor El. Co.,* 93 AD2d 633, 638-639), a showing that the incidents were indeed similar, at least in their relevant details, is a prerequisite to admissibility *(see, Hyde v County of Rensselaer,* 51 NY2d 927, 929; *Rittenhouse v State of New York,* 134 AD2d 774, 776). Inasmuch as plaintiff, as the party tendering the evidence, did not make such a showing with regard to the incidents involved, Supreme Court erred in permitting the introduction of evidence that such "similar lawsuits" existed.

The error is harmless, however, because of references elicited by plaintiff's counsel, without objection, from Norman Getts, another employee of defendant, and from John Grimaldi, defendant's expert, regarding other fat fryer litigation which had been brought against defendant. In reviewing a list of lawsuits in which food service equipment was implicated, Getts indicated that there had been at least one other personal injury case involving the CK-20 fryer, the same model at issue in this case. And, Grimaldi, when asked about his prior experience in testifying in "other * * * deep fat fryer" personal injury cases against defendant, stated that one concerned the CK-20. In view of these references, the brief discussion of "similar lawsuits" contained in Rondot's deposition testimony cannot be said to have prejudiced defendant to such a degree as to warrant a new trial *(see,* CPLR 2002; *Connor v City of New York,* 178 AD2d 359, 360).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the amended judgment is affirmed, with costs.