■ KENNETH E. WHITE et al., Respondents, v TIMBERJACK, INC., Appellant, et al., Defendant. (Appeal No. 1.) [— NYS2d —] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Plaintiff Kenneth E. White was seriously injured when a model 225C logging skidder machine manufactured by Timberjack, Inc. (Timberjack) rolled backwards down a slope and ran over his left leg.

Plaintiffs sued Timberjack, seeking to impose liability for its postmanufacture failure to warn purchasers of the danger that the micro-lock hydraulic brake system on the model 225C skidder might fail, allowing it to roll backwards. After a lengthy trial, the jury rendered a verdict in favor of plaintiffs, finding Timberjack negligent in its failure to warn and finding third-party defendant, Walter W. White, not negligent in maintaining his skidder.

The trial court erred in admitting proof of prior accidents. Although such proof is admissible to show notice of a defect or the existence of a dangerous condition, the party tendering that proof must show that the prior accidents were, in their relevant details and circumstances, substantially similar to the subject accident (see, Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 336; Facci v General Elec. Co., 192 AD2d 991, 993). Plaintiffs failed to demonstrate the requisite similarity. Although the four prior accidents involved model 200 series logging skidders equipped with a similar micro-lock hydraulic brake system, only one of those skidders was the same model as the skidder owned by Walter White and that same-model skidder was equipped with a mechanical brake in addition to the micro-lock brake system. Testimony also revealed that model 200 series skidders differed in weight and that factors such as weight and degree of slope affect the level of brake pressure required to keep the vehicle from moving. Plaintiffs did not establish that the weights or slopes involved in the prior accidents or the causes of those accidents were sufficiently similar to the subject accident, and the admission of proof of prior accidents was highly prejudicial to Timberjack. That error was magnified by the inclusion of those prior accidents as part of the hypothetical used by plaintiffs to elicit expert opinion testimony. The court further erred in permitting plaintiffs' expert to opine that Timberjack should have installed on its model 200 series skidders a pressure sensitive device that would alert operators whenever there was insufficient brake pressure. The subject of that opinion was not set forth in plaintiffs' pretrial disclosure statement (see, Parsons v City of New York, 175 AD2d 783). Thus, we reverse and grant a new trial. (Appeal from Judgment of Supreme Court, Cattaraugus County, Francis, J.—Negligence.) Present—Balio, J. P., Lawton, Wesley, Doerr and Davis, JJ.