■ BRIAN MEAGHER, Appellant, v ARA SERVICES et al., Respondents, et al., Defendant. [652 NYS2d 548] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Burrows, J.), entered September 25, 1995, which, upon a jury verdict in favor of the defendants ARA Services and Iona College and against the plaintiff, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court properly limited testimony regarding a prior accident to demonstrate notice of a defective condition. The plaintiff failed to make a "showing that the relevant conditions of the subject accident and the previous one were substantially the same" (Hyde v County of Rensselaer, 51 NY2d 927, 929; Facci v General Elec. Co., 192 AD2d 991).

In addition, the court did not improvidently exercise its discretion by qualifying a defense witness as an expert since it was established that the witness possessed the requisite skill,

training, education, knowledge, or experience from which it could be assumed that the information imparted or the opinion rendered was reliable (*see, Matott v Ward,* 48 NY2d 455; *Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410; *see also,* Barker & Alexander, Evidence in New York State and Federal Courts § 702.1 [e], at 516).

The plaintiff's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.