BEVERLY A. CONDERMAN et al., Respondents-Appellants, v ROCHESTER GAS & ELECTRIC CORPORATION et al., Appellants-

Respondents, et al., Defendants. LEE NAPOLITANO et al., Respondents-Appellants, v ROCHESTER GAS & ELECTRIC CORPORATION et al., Appellants-Respondents, et al., Defendants. (Appeal No. 1.) [693 NYS2d 787] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: During the evening of January 27, 1994, an ice storm was in progress in the Rochester area. Plaintiff Beverly A. Conderman was driving home from work on Spencerport Road in the Town of Ogden when 14 utility poles broke off and fell into the road. One pole, identified as pole 103, crashed through the windshield of Beverly Conderman's vehicle. Plaintiffs Lee Napolitano and his wife, Robin E. Galland, were also driving on Spencerport Road when the poles crashed. Power lines from two downed poles fell onto their pick-up truck, causing injuries to them. The poles from which the wires had detached were not identified.

Defendants Rochester Gas & Electric Corporation (RG&E) and Ogden Telephone Company (Ogden) rushed emergency crews to the scene. As a result of the downed poles, the road was impassable in the area and many customers were without power. Some of the poles had broken into pieces and others were entangled among the downed wires. Workers cut the poles into four-foot lengths capable of being carried by hand, and moved them to the side of the road. Within 24 hours of the incident, the pieces were then loaded into trucks and removed to a landfill. Crews working nonstop erected new poles and restored service to all customers within 24 hours.

Seventeen days after the accident, plaintiffs obtained an order to show cause staying RG&E from "doing anything to damage or in any way alter the said utility poles in question."

Following commencement of these actions, plaintiffs moved for summary judgment on liability and/or sanctions based upon spoliation of critical evidence by RG&E and Ogden. Plaintiffs argued that summary judgment was warranted given the disposal of the poles prior to plaintiffs' being able to inspect them, at a time when RG&E and Ogden should have known that litigation was probable. Plaintiffs buttressed that argument with evidence that employees from the RG&E risk management department were on the scene the evening of the incident, and photographed Beverly Conderman's vehicle. RG&E and Ogden argued that summary judgment should be denied and no sanctions imposed because they acted in response to an emergency situation at a time when no litigation was pending.

Supreme Court denied that part of plaintiffs' motion for summary judgment on liability, and, despite the court's conclusion

that the destruction of the poles was not willful, granted that part of plaintiffs' motion for a sanction against RG&E and Ogden, allowing plaintiffs to rely upon the doctrine of res ipsa loquitur and precluding RG&E and Ogden, with minor exceptions, from offering any evidence to rebut the presumption of negligence.

We modify the order by denying the motion in its entirety. In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices (*see, Schidzick v Lear Siegler, Inc.*, 222 AD2d 841; *Hallock v Bogart*, 206 AD2d 735, 736). RG&E and Ogden were responding to an emergency situation that affected the public safety, and it would be unreasonable to have imposed upon them at the time the duty to preserve evidence, anticipating the possibility of future litigation. Distinguishable are the cases where a party destroys evidence, either willfully or negligently, once litigation is pending (*see, Squitieri v City of New York*, 248 AD2d 201; *Kirkland v New York City Hous. Auth.*, 236 AD2d 170) or where plaintiff destroys evidence prior to commencing an action (*see, Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp.*, 221 AD2d 243). (Appeals from Order of Supreme Court, Monroe County, Polito, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ. [*See*, 180 Misc 2d 8.]