■ BONNY L. BERTRAM et al., Appellants, v SV DANCO CORPORATION, Doing Business as ARBY'S, Respondent. [751 NYS2d 815] —Appeal from an order of Supreme Court, Monroe County (Galloway, J.), entered December 6, 2001, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendant's cross motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking

damages for injuries sustained by Bonny L. Bertram (plaintiff) when she slipped and fell in the parking lot of defendant's restaurant. Supreme Court granted defendant's cross motion for summary judgment dismissing the complaint on the ground that there was a storm in progress. That was error. In support of its cross motion, defendant submitted evidence establishing that approximately three inches of snow fell on the day of the accident. Defendant also submitted the deposition testimony of plaintiff in which she stated that the parking lot was not "a clear blacktop. It was remnants of what was left from previous snow or plowing or whatever." "A landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm" (*Cerra v Perk Dev.,* 197 AD2d 851, 851). We agree with plaintiffs, however, that there is an issue of fact whether plaintiff's fall resulted from a prior accumulation of snow and that defendant has failed to establish as a matter of law that plaintiff's injuries resulted from a storm in progress (*see Stalker v Crestview Cadillac Corp.,* 284 AD2d 977, 978).

We further conclude that the court properly denied the motion of plaintiffs seeking summary judgment on liability as a sanction for defendant's spoliation of evidence or, in the alternative, to preclude defendant from offering any evidence on liability at trial based on that spoliation of evidence (*see* CPLR 3126). "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (*Conderman v Rochester Gas & Elec. Corp.,* 262 AD2d 1068, 1070). Here, at the time the material at issue was discarded, there was no pending litigation and defendant's president had not been notified of a specific claim, and there is no showing that the material was discarded in bad faith (*see id.; DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 52). To the extent that plaintiffs seek an order striking defendant's answer, that request is made for the first time on appeal and thus has not been preserved for our review (*see Frank Parlamis, Inc. v Piccola Pizza Café-Times Sq.,* 259 AD2d 334).

We modify the order, therefore, by denying defendant's cross motion and reinstating the complaint. Present—Green, J.P., Pine, Hurlbutt, Burns and Gorski, JJ.