MATTHEW J. WOODHOUSE, Appellant, v BOMBARDIER MOTOR CORPORATION OF AMERICA et al., Respondents, et al., Defendant. (Appeal No. 2.) [773 NYS2d 732]—

Appeal from a judgment of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered December 17, 2002. The judgment dismissed the causes of action, upon a jury verdict, and awarded costs and disbursements to defendants Bombardier Motor Corporation of America and Bombardier, Inc.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a snowmobile accident. Plaintiff alleges that the used snowmobile he was riding was defectively manufactured by defendants Bombardier Motor Corporation of America and Bombardier, Inc. (collectively, Bombardier) and that defendant Kaufman Sales and Services (Kaufman) improperly maintained and inspected it. Specifically, plaintiff alleges that the accident was caused by a stuck throttle, which he further alleges occurred when the carburetors froze. The jury, however, returned a verdict finding that the carburetors on plaintiff's snowmobile did not freeze, obviating the need to answer any additional questions on the verdict sheet. Supreme Court denied plaintiff's motion to set aside the verdict pursuant to CPLR 4404, and separate judgments were entered in favor of Bombardier and Kaufman. Plaintiff appeals from the order denying the motion to set aside the verdict in favor of both defendants and from the judgment entered in favor of Bombardier. The appeal from the order must be dismissed because that order is subsumed in the final judgments (*see Smith v Catholic*

*Med. Ctr. of Brooklyn & Queens*, 155 AD2d 435 [1989]; *see also* CPLR 5501 [a] [1]). Plaintiff failed to take an appeal from the judgment in favor of Kaufman, and thus the issues raised with respect to Kaufman are not reviewable. In any event, had an appeal been taken therefrom, we would nevertheless affirm the judgment in favor of Kaufman.

With respect to the appeal from the judgment in favor of Bombardier, we reject plaintiff's contention that the court erred in declining to impose any sanctions against Bombardier for its alleged spoliation of evidence (*see* CPLR 3126). "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (*Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068, 1070 [1999]; *see Bertram v SV Danco Corp.*, 300 AD2d 1108, 1109 [2002]; *cf. Hulett v Niagara Mohawk Power Corp.*, 1 AD3d 999 [2003]; *Nunn v GTE Sylvania*, 251 AD2d 1089 [1998]).

Contrary to plaintiff's further contention, the court properly permitted the testimony of Bombardier's two experts, while precluding the testimony of plaintiff's expert, with respect to the operation, maintenance and inspection of snowmobiles. The determination whether a particular witness is "possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*Matott v Ward*, 48 NY2d 455, 459 [1979]) "is a matter that rests in the discretion of the trial court, 'subject to review only if the Judge has made a serious mistake, committed an error of law or abused the discretion' " (*Pringle v Pringle*, 296 AD2d 828, 829 [2002], quoting Prince, Richardson on Evidence § 7-304, at 463 [Farrell 11th ed]; *see Krumpek v Millfeld Trading Co.* [appeal No. 3], 272 AD2d 879, 881 [2000]; *see generally Werner v Sun Oil Co.*, 65 NY2d 839, 840 [1985]). We discern no such mistake, error of law or abuse of discretion in this case. Furthermore, contrary to plaintiff's contention, the testimony of one of Bombardier's experts was not based on inadmissible hearsay. An expert may rely on hearsay in rendering an opinion provided that it is "of a kind accepted in the profession as reliable in forming a professional opinion" (*People v Sugden*, 35 NY2d 453, 460 [1974]; *see Greene v Xerox Corp.*, 244 AD2d 877, 877-878 [1997], *lv denied* 91 NY2d 809 [1998]).

Finally, we conclude that the court properly precluded plaintiff from introducing evidence concerning subsequent accidents. Evidence of subsequent accidents is admissible only upon a "showing that the incidents were indeed similar, at least in their rele-

vant details" (*Facci v General Elec. Co.*, 192 AD2d 991, 993 [1993]; *see Dudley v County of Saratoga*, 145 AD2d 689, 690 [1988], *lv denied* 73 NY2d 710 [1989]; *see generally Hyde v County of Rensselaer,* 51 NY2d 927, 929 [1980]). Because the evidence of subsequent accidents that plaintiff sought to introduce involved different makes and models of snowmobiles, the court properly precluded the proffered evidence (*see White v Timberjack, Inc.,* 209 AD2d 968 [1994]). Present—Green, J.P., Pine, Scudder, Kehoe and Gorski, JJ.