DAVID ANTHONY et al., Appellants, v WEGMANS FOOD MARKETS, INC., Respondent. [782 NYS2d 216]—

Appeal from an order of the Supreme Court, Oswego County (Robert J. Nicholson, J.), entered July 14, 2003. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion to strike the answer and/or to compel discovery.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by plaintiff David Anthony when he slipped on a puddle on the floor of defendant's store. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant met its initial burden of establishing that it did not create the dangerous condition or have actual or constructive notice of it (see *Goldman v Waldbaum, Inc.*, 297 AD2d 277 [2002]). Plaintiffs' speculation with respect to the source of the puddle and the length of time it was on the floor is insufficient to raise a triable issue of fact. Absent proof of how long the puddle was on the floor, "[t]here is . . . no basis to conclude that . . . defendant, in the exercise of due care, should have known of and corrected the condition" (*Winecki v West Seneca Post 8113*, 227 AD2d 978, 979 [1996]; see *McDuffie v Fleet Fin. Group*, 269 AD2d 575 [2000]). The court also properly denied that part of plaintiffs' cross motion to strike the answer based upon defendant's admitted failure to preserve a surveillance videotape that may have recorded the accident site. "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (*Conderman v Rochester Gas & Elec. Corp.*, 262 AD2d 1068, 1070 [1999]). Defendant submitted uncontroverted evidence that it taped over the videotape at issue in good faith, before litigation was pending and pursuant to its normal business practices, and thus no sanction was warranted (see *Bertram v SV Danco Corp.*, 300 AD2d 1108, 1109 [2002]; *Raymond v State of New York*, 294 AD2d 854, 855 [2002]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Martoche, JJ.