■ FRESH DEL MONTE PRODUCE N.V. et al., Plaintiffs, and IAT GROUP, INC., Respondent, v EASTBROOK CARIBE A.V.V. et al., Appellants. [845 NYS2d 7]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 6, 2006, which, to the extent appealed from as limited by the briefs, denied defendants' cross motion for summary judgment dismissing the fifth and sixth causes of action, unanimously reversed, on the law, with costs, the cross motion granted and those causes dismissed. Appeal from order, same court and Justice, entered on or about May 8, 2006, which denied defendants' motion for recusal, unanimously dismissed, without costs, as academic in light of the foregoing.

This action arises out of the settlement between the parties of a prior action commenced in 1996. Plaintiffs allege that defendants breached the terms of the settlement in commencing a 2002 action that was dismissed as barred by the settlement agreement and defendants' accompanying release.

On April 26, 2005, plaintiffs amended their complaint to include causes of action for equitable assignment of a release executed by Trumpet Vine Investments (fifth cause of action), and reformation of defendants' release (sixth cause of action).

IAT's fifth cause of action seeks to hold defendants liable for a violation of the Trumpet Vine release on the theory that Eastbrook, though a releasor in its own right under the terms of the Eastbrook release, was acting as equitable assignee of Trumpet Vine in commencing the 2002 action. Eastbrook established that it brought the 2002 action in its own right, and not as an assignee. IAT failed to raise a triable issue of fact in that regard (see Hofferberth v Duckett, 175 App Div 480, 486 [1916]).

While there is a clear relationship between Eastbrook and Trumpet Vine, the record does not contain any evidence from which to conclude that they are alter egos of each other or otherwise ignored the corporate form, so as to hold one accountable for the actions of the other. As such, the fifth cause of action should have been dismissed (see S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338 [1974]).

Similarly, Eastbrook was entitled to dismissal of the sixth cause of action, which was based on IAT's claim to have been defrauded as to the destination of the $4.6 million settlement payment. The settlement agreement provided that the $4.6 million payment be made to Trumpet Vine "in accordance with reasonable payment instructions," which Trumpet Vine instructed be wired to Eastbrook on November 18, 1996. As such, IAT knew or should have known of the payment's destina-

tion as of that date. Accordingly, the claim for reformation, which is covered by a six-year statute of limitations, is time-barred (CPLR 213 [2]).

Moreover, a claim for reformation must be based on either mutual mistake or fraudulently induced unilateral mistake, which elements IAT failed to substantiate (*see Chimart Assoc. v Paul*, 66 NY2d 570 [1986]). Concur—Tom, J.P., Saxe, Nardelli, Sweeny and Catterson, JJ.