■ ARNOLD S. PENNER, Appellant, v HOFFBERG OBERFEST BURGER & BERGER et al., Respondents. [844 NYS2d 229]—

Order, Supreme Court, New York County (Louis B. York, J.), entered July 6, 2006, which, in an action for accounting malpractice, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff's cause of action seeking to recover the fees he paid to other accountants in connection with audits of his 1994, 1995 and 1996 tax returns was properly dismissed. We find that the "potential for abuse and mistake" in plaintiff's tax returns was "red-flagged" to the IRS not, as plaintiff claims, by defendants' alleged malpractice in taking improper losses and deductions in his 1994 tax return, but by the errors in, and resulting audit of, the 1994 tax return of the subchapter "S" corporation of which plaintiff was a shareholder, which return was prepared by another firm. We base that finding not on the prior appeal dismissing, for failure to state a cause of action, plaintiff's claims for back taxes and interest on the ground that his "tax liability was not attributable to an act or omission on defendants' part" (303 AD2d 249 [2003]), but on a review of the entire record (*see Friedman v Connecticut Gen. Life Ins. Co.*, 30 AD3d 349, 349-350 [2006], *lv denied* 8 NY3d 875 [2007]).

In any event, even if the alleged causal relationship between the alleged malpractice and the audits did exist, plaintiff's expenditures in defending the audits are not recoverable where there is no evidence that any erroneously reported item created a tax liability that would not otherwise have existed. Plaintiff is not entitled to the cost of trying to convince the tax authorities that he should not have to pay taxes he legitimately owed but would have avoided had the 1994 return been prepared in a way

that did not red-flag the potential for abuse (*cf. Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422-423 [1996]; *Alpert v Shea Gould Climenko & Casey*, 160 AD2d 67, 71-72 [1990]).

The affidavit of plaintiff's new accountant raises an entirely new theory of liability—that defendants, by claiming losses on the wrong form in plaintiff's 1994, namely, a Schedule C relating to plaintiff's real estate business when his true business was in the securities field, caused plaintiff to pay more taxes than he owed—that is not pleaded in the complaint, and indeed contradicts the complaint, which alleges that plaintiff "has been in the real estate business for over thirty (30) years." Accordingly, the merits of the accountant's affidavit should not be considered (*see Hassan v Bellmarc Prop. Mgt. Servs., Inc.*, 12 AD3d 197, 198 [2004]).

Nor does plaintiff have a cause of action for reimbursement of the fees he paid to defendants for preparation of the audited returns. Those fees returned something of value, i.e., tax returns that, whether correct or not, were accepted by the IRS, subject to adjustment (*cf. Stanley L. Bloch, Inc. v Klein*, 45 Misc 2d 1054, 1058 [1965] [in issuing subject balance sheet, defendants accountants failed to conduct the required audit]).

We note that plaintiff does not challenge that part of the order on appeal dismissing his claims for reimbursement of the penalties assessed as a result of the audit. Concur—Tom, J.P., Saxe, Nardelli, Sweeny and Catterson, JJ.