■ C.P. Ward, Inc., et al., Respondents-Appellants, v Deloitte & Touche LLP et al., Appellants-Respondents. Deloitte & Touche LLP et al., Third-Party Plaintiffs-Appellants, v Richard A. Ash et al., Third-Party Defendants-Respondents. [904 NYS2d 842]—

Appeal and cross appeal from an order of the Supreme Court,

Monroe County (Harold L. Galloway, J.), entered September 17, 2009 in an accounting malpractice action. The order, among other things, granted in part defendants' motion for summary judgment and denied plaintiffs' cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion of defendants seeking summary judgment dismissing the second amended complaint in its entirety against defendant Deloitte & Touche USA LLP and dismissing the second amended complaint in its entirety against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this accounting malpractice action seeking damages allegedly resulting from, inter alia, the failure of defendants/third-party plaintiffs (defendants) to adhere to applicable professional standards and to fulfill promises made to plaintiffs in conducting the audit of plaintiffs' 1996 financial statements. We note at the outset that defendants made two motions each seeking different relief. We agree with defendants on their appeal that Supreme Court should have granted that part of their first motion seeking summary judgment dismissing the second amended complaint in its entirety against defendant Deloitte & Touche USA LLP (Deloitte USA), and we therefore modify the order accordingly. Defendants met their initial burden by submitting evidence that plaintiffs engaged only defendant Deloitte & Touche LLP (Deloitte) to audit their financial statements and that Deloitte alone conducted the audits (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiffs failed to raise a triable issue of fact whether Deloitte USA may be liable for the actions of Deloitte (*see generally Fresh Del Monte Produce N.V. v Eastbrook Caribe A.V.V.*, 44 AD3d 551, 552 [2007]).

We reject the contention of defendants on their appeal, however, that the court should have granted that part of their motion seeking summary judgment dismissing the second amended complaint in its entirety against Deloitte inasmuch as defendants failed to establish Deloitte's entitlement to judgment as a matter of law. "It is well established . . . that [a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Atkins v United Ref. Holdings, Inc.*, 71 AD3d 1459, 1459-1460 [2010] [internal quotation marks omitted]). Defendants submitted the letters of engagement sent by Deloitte to each plaintiff, pursuant to which it agreed to "evaluate the fairness of presentation" of plaintiffs'

1996 financial statements in conformity with generally accepted accounting principles (GAAP), to conduct the audits in accordance with generally accepted auditing standards (GAAS) and to "design [its] audit[s] to provide reasonable assurance of detecting errors and irregularities that are material to the financial statements." In support of their motion, however, defendants "failed to submit any expert or qualified testimony or proof to establish . . . compliance [by Deloitte] with the applicable standard of care or adherence to GAAP and GAAS as required to establish its entitlement to judgment in its favor as a matter of law" (*Cumis Ins. Socy. v Tooke*, 293 AD2d 794, 798 [2002]). Indeed, defendants' own submissions raise triable issues of fact with respect to the adherence of Deloitte to professional standards and the terms of its engagements with plaintiffs. Contrary to the contention of defendants, Deloitte is not relieved of liability based upon the assurances of plaintiffs' officers concerning the accuracy of the financial statements (*see generally Collins v Esserman & Pelter*, 256 AD2d 754, 757 [1998]; *National Sur. Corp. v Lybrand*, 256 App Div 226, 235-236 [1939]). In addition, even assuming, arguendo, that we agree with defendants "that there were other proximate causes of [plaintiffs'] harm for which [Deloitte] was not responsible, [we conclude that such] circumstance[s] would not . . . establish that [its alleged] negligence was not also a proximate cause of [plaintiffs'] harm" (*Bachmann, Schwartz & Abramson v Advance Intl.*, 251 AD2d 252, 253 [1998]). Defendants, moreover, failed to demonstrate that Deloitte's alleged failure to detect and report the errors and irregularities in the financial statements was not a proximate cause of the damages allegedly sustained by plaintiffs (*see DG Liquidation v Anchin, Block & Anchin*, 300 AD2d 70 [2002]). Finally, "while plaintiff[s'] obligation to come forward with expert evidence on the duty of care in opposition was not triggered [because those parts of the motion with respect to the first and second causes of action against Deloitte were] not properly supported, plaintiff[s] in fact submitted [expert] affidavits [and reports that] supported [their] position that [Deloitte] departed from the requisite standard of care in performing the audits, creating a question of fact on that issue" (*Cumis Ins. Socy.*, 293 AD2d at 798-799).

Contrary to the further contention of defendants on their appeal, we conclude that the court properly denied that part of their motion to strike the reports of plaintiffs' experts. We reject defendants' contention that those reports are without foundation, speculative or lacking probative value (*see Edwards v St. Elizabeth Med. Ctr.*, 72 AD3d 1595 [2010]). Contrary to defendants' contention, there is no basis for striking those reports for

plaintiffs' failure to comply with CPLR 3101 (d) (1) (i) "where there is no evidence of intentional or willful failure to disclose and no prejudice to [defendants]" (*Ruzycki v Baker*, 9 AD3d 854, 855 [2004]). The court also properly denied that part of defendants' motion seeking to strike the claims with respect to Deloitte's alleged errors in connection with the accounting of equipment repairs. Defendants failed to demonstrate any prejudice resulting from plaintiffs' delay in responding to their discovery demands concerning those claims (*see generally Schaaf v Pork Chop, Inc.*, 24 AD3d 1277 [2005]). We have examined defendants' remaining contentions on their appeal and conclude that none has merit.

We reject the contention of plaintiffs on their cross appeal that the court erred in denying those parts of their cross motion seeking partial summary judgment dismissing defendants' fourth, fifth and sixth counterclaims based on "claims for which [defendants] have been able to produce working papers for the incomplete 1997 audit" of plaintiffs' financial statements. Although it is undisputed that Deloitte destroyed documents relating to that audit, defendants submitted evidence in opposition to the cross motion establishing that Deloitte did so before the instant action was commenced, " 'in good faith and pursuant to its normal business practices' " (*Woodhouse v Bombardier Motor Corp. of Am.*, 5 AD3d 1029, 1030 [2004]). Present—Smith, J.P., Fahey, Green and Gorski, JJ.