■ EDWARD MEZGER, Appellant, v WYNDHAM HOMES, INC., et al., Respondents. [916 NYS2d 641]—

In an action, inter alia, for a judgment declaring that the plaintiff is entitled to the unrestricted use of a right-of-way that provides access to his real property, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated November 19, 2009, as granted the motion of the defendants Bruce McIntyre, Emad Jafa, and Faten Noureddin for summary judgment, in effect, declaring that those defendants' properties were not encumbered by the right-of-way, (2) an order of the same court, also dated November 19, 2009, which granted the motion of the defendants Joel Adechi and Odile Adechi for summary judgment, in effect, declaring that those defendants' properties were not encumbered by the right-of-way, and (3) an order of the same court dated November 23, 2009, which granted that branch of the motion of the defendants Wyndham Homes, Inc.,

and Wyndham Development at Windsor Woods, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them and, in effect, declaring that those defendants' properties were not encumbered by the right-of-way.

Ordered that the first order dated November 19, 2009, is affirmed insofar as appealed from, and the second order dated November 19, 2009, and the order dated November 23, 2009, are affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Putnam County, for the entry of an appropriate declaratory judgment in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff claims to have a right-of-way over an old roadbed that provides access to about five acres of real property that he owns in the Town of Patterson in Putnam County. The complaint alleges that the right-of-way is 50 feet wide and is described in deeds that were recorded in the Putnam County Clerk's Office in liber 414 at page 138, and liber 439 at page 249.

When the defendants moved for summary judgment, they produced, inter alia, a quitclaim deed dated November 15, 1965, which clearly extinguished the 50-foot-wide right-of-way that the plaintiff described in his complaint. In opposition to the motions, the plaintiff improperly raised a new theory of recovery based on the alleged existence of another right-of-way or easement over an old roadbed that was located to the south of the right-of-way that was extinguished.

A court should not consider the merits of a new theory of recovery, raised for the first time in opposition to a motion for summary judgment, that was not pleaded in the complaint (see Penner v Hoffberg Oberfest Burger & Berger, 44 AD3d 554 [2007]; Abalola v Flower Hosp., 44 AD3d 522 [2007]; Pinn v Baker's Variety, 32 AD3d 463 [2006]).

Thus, the defendants established their prima facie entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In opposition, the plaintiff's vague and conclusory allegations were not sufficient to defeat the defendants' prima facie showing, since they were flatly contradicted by the documentary evidence and only raised feigned issues of fact that were designed to avoid the consequences of the allegations set forth in the complaint (see Colucci v AFC Constr., 54 AD3d 798 [2008];

*Rosenblatt v Venizelos*, 49 AD3d 519 [2008]; *Hernandez-Vega v Zwanger-Pesiri Radiology Group*, 39 AD3d 710 [2007]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Putnam County, for the entry of an appropriate declaratory judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.