# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1074**
**CA 15-00134**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

BILL'S FEED SERVICE, LLC, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

WILLIAM ADAMS, DEFENDANT-RESPONDENT.

---

SCHMITT & LASCURETTES, LLC, UTICA, LAW OFFICES OF DESTIN C.
SANTACROSE, BUFFALO (ERIN K. SKUCE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HRABCHAK & GEBO, P.C., WATERTOWN (MARK G. GEBO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered June 3, 2014. The order denied without prejudice the motion of plaintiff to dismiss the counterclaim of defendant.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover money owed for animal feed it supplied to defendant for his dairy cows. Defendant asserted a counterclaim for money damages, alleging that, among other things, the animal feed was defective and harmed his cows and farming business. Plaintiff served defendant with a notice to preserve evidence that specifically included the subject feed. Following discovery, plaintiff moved to dismiss the counterclaim on the ground of spoliation of evidence, i.e., for defendant's alleged failure to preserve feed samples and deceased cows. Supreme Court denied the motion without prejudice to any appropriate similar application during trial. We affirm.

"A party seeking a sanction pursuant to CPLR 3126 such as preclusion or dismissal is required to demonstrate that a litigant, intentionally or negligently, dispose[d] of crucial items of evidence . . . before the adversary ha[d] an opportunity to inspect them . . . , thus depriving the party seeking a sanction of the means of proving his claim or defense" (*Koehler v Midtown Athletic Club*, *LLP*, 55 AD3d 1444, 1445 [internal quotation marks omitted]). "Spoliation sanctions may be appropriate even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided [the party] was on notice that the evidence might be needed for future litigation"

(*Enstrom v Garden Place Hotel*, 27 AD3d 1084, 1086 [internal quotation marks omitted]).  Here, we conclude that plaintiff failed to establish that defendant intentionally or negligently disposed of the evidence at issue.  The record establishes that defendant disposed of the feed samples and deceased cows before he had any notice that plaintiff intended to commence the instant action and, "[i]n the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (*Anthony v Wegmans Food Mkts., Inc.*, 11 AD3d 953, 954 [internal quotation marks omitted]; *see C.P. Ward, Inc. v Deloitte & Touche LLP*, 74 AD3d 1828, 1830-1831).

Entered:  October 9, 2015                        Frances E. Cafarell
                                                 Clerk of the Court