*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016                    521496
_____

TOWN OF KINDERHOOK,

                    Respondent,

          v                              MEMORANDUM AND ORDER

LEONARD W. VONA et al.,

                    Appellants,
                    et al.,
                    Defendant.

_____

Calendar Date:  January 6, 2016

Before:  McCarthy, J.P., Garry, Rose and Devine, JJ.

                    _____


     Hanlon & Veloce, Latham (Christine D'Addio Hanlon of
counsel), for appellants.

     Tabner, Ryan & Keniry, LLP, Albany (Thomas R. Fallati of
counsel), for respondent.


                    _____


Devine, J.

     Appeal from an order of the Supreme Court (Mott, J.),
entered May 21, 2015 in Columbia County, which denied a motion by
defendants Leonard W. Vona and Fraud Auditing, Inc. for summary
judgment dismissing the complaint against them.

     Pegeen Mulligan-Moore served as plaintiff's bookkeeper from
2002 until 2010.  Douglas McGivney was plaintiff's Supervisor
during that period and, in 2008, learned that plaintiff was
experiencing cash flow problems and that Mulligan-Moore had
deposited a large personal check into plaintiff's bank account.
He accordingly contacted defendant Leonard W. Vona, a certified
public accountant and certified fraud examiner, and asked Vona to

look into the situation.  No written agreement was reached as to the nature and extent of Vona's services, but an accountant in his employ reviewed documents provided by plaintiff, and a December 2008 report found no cause for suspicion with regard to the check or any other payments made on plaintiff's behalf by Mulligan-Moore from January 2007 to August 2008.  Vona was compensated for having produced the report and subsequently did consulting work for plaintiff.

Mulligan-Moore was replaced after McGivney left office, after which it became clear that she had falsified the records provided to Vona and had embezzled over $400,000 from plaintiff from 2007 onward.[1]  Plaintiff commenced this action in 2011, asserting that Vona and related entities breached the terms of their contract with plaintiff and were professionally negligent in failing to uncover the malfeasance of Mulligan-Moore.  Vona and defendant Fraud Auditing, Inc. (hereinafter collectively referred to as defendants) served an answer and, following discovery, moved for summary judgment dismissing the complaint against them.  Supreme Court denied the motion, and this appeal ensued.

To prevail on their motion for summary judgment, it was incumbent upon defendants "to tender evidentiary prima facie proof in admissible form sufficient to justify judgment as a matter of law in [their] favor that [they] did not breach the contract or perform [their] services in a professionally negligent manner" (Cumis Ins. Socy. v Tooke, 293 AD2d 794, 796 [2002]; see Kristina Denise Enters., Inc. v Arnold, 41 AD3d 788, 788-789 [2007]).  Defendants devote the bulk of their energies attacking plaintiff's claim for accounting malpractice, which "contemplates a failure to exercise due care and proof of a material deviation from the recognized and accepted professional standards for accountants and auditors, . . . which proximately causes damage to plaintiff" (Cumis Ins. Socy. v Tooke, 293 AD2d

---

[1]  Mulligan-Moore was convicted of numerous offenses relating to her thefts from plaintiff and another municipality, for which she served a term of imprisonment and was ordered to pay restitution (People v Mulligan-Moore, 112 AD3d 1154 [2013]).

at 797-798; accord Board of Trustees of IBEW Local 43 Elec. Contrs. Health & Welfare, Annuity & Pension Funds v D'Arcangelo & Co., LLP, 124 AD3d 1358, 1359 [2015]). Defendants argue that plaintiff did not retain them to perform an audit and that, as a result, they cannot be held liable for failing to properly perform one. They further argue that, even if they were engaged by plaintiff, their failures were not the proximate cause of its damages.

Vona specifically testified that he was not engaged to perform an audit, as an audit of town finances was not within his practice area and plaintiff did not wish to expend the sums necessary for a thorough investigation. Vona was plainly engaged to do something, however, as he tasked a subordinate with examining records provided by plaintiff to determine if there were overt problems and he billed plaintiff for a "review of [plaintiff's] checking account." He ultimately issued a written report reflecting that he had been hired "to examine documents and records of [plaintiff] for the direct purpose of offering opinions regarding those documents," finding that there was nothing suspicious in those documents, and making various recommendations as to improved procedures. Defendants submitted the affidavit of a certified public accountant who categorized this work as a limited assignment to make findings based on documents provided by plaintiff, and opined that defendants had no duty to obtain the original banking documents in this non-audit because they had no authority to do so. He further opined that the losses incurred by plaintiff stemmed from the absence of internal controls over finances rather than any failings on the part of defendants, although he notably failed to explain how defendants' "alleged failure to detect and report the [fraud] was not a proximate cause of the damages allegedly sustained by plaintiff[]" (C.P. Ward, Inc. v Deloitte & Touche LLP, 74 AD3d 1828, 1830 [2010]; see Collins v Esserman & Pelter, 256 AD2d 754, 757 [1998]).

Even accepting that the foregoing made out a prima facie case for summary judgment, material questions of fact were raised by plaintiff with the affidavit of accounting professor Eric

Lewis.[2]  Lewis made the obvious point that it was impossible for an accountant to perform work for a client without being engaged in some manner, and stated that examining financial records to determine whether funds were being handled improperly was an "audit-level service."  He further opined that, regardless of whether defendants were hired to conduct an audit or a less intensive service, they deviated from professional standards by failing to conduct a thorough investigation or otherwise explaining to plaintiff that the original banking records were essential to performing one.  The deceptions of Mulligan-Moore would have been discovered had defendants acted according to professional accounting standards and obtained the original, unaltered banking records, and Lewis opined that defendants' departure from those standards allowed the embezzlement to continue.  Accordingly, Supreme Court properly denied that part of the motion seeking summary judgment on the accounting malpractice claim (see C.P. Ward, Inc. v Deloitte & Touche LLP, 74 AD3d at 1830-1831; Cumis Ins. Socy. v Tooke, 293 AD2d at 798-799).

Defendants lastly argue that the claim for breach of contract was duplicative of the claim for professional malpractice, pointing out that the alleged breach stemmed from their failure to perform their professional obligations rather than any distinct contractual requirement.  Plaintiff failed to raise a question of fact as to whether defendants had agreed to do anything beyond performing their "ordinary professional obligations" – indeed, Lewis acknowledged that "there is no evidence of any such agreed-upon procedures" – and Supreme Court should have granted that part of defendants' motion seeking

---

[2]  Defendants' claim that Lewis was not qualified to offer an opinion is unpreserved in light of their failure to raise the issue before Supreme Court (see Edmund v Albert Einstein Hosp., 118 AD3d 578, 579 [2014]).  In any case, Lewis has extensive accounting experience, "and the alleged deficits in [his] qualifications go to the weight, not the admissibility, of [his] opinion" (Jianrong Wang v Shao Ke, 77 AD3d 1113, 1115 [2010], lv denied 16 NY3d 713 [2011]; see Plourd v Sidoti, 69 AD3d 1038, 1039 [2010]).

dismissal of the breach of contract claim (<u>Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]</u>, 3 NY3d 538, 542 [2004]; <u>see</u> <u>Mary Imogene Bassett Hosp. v Cannon Design, Inc.</u>, 127 AD3d 1377, 1379 [2015]; <u>Cherry v Decker</u>, 280 AD2d 867, 868 [2001]).

McCarthy, J.P., Garry and Rose, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion by defendants Leonard W. Vona and Fraud Auditing, Inc. for summary judgment seeking dismissal of plaintiff's breach of contract cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court