Mazurek v Schoppmann (2018 NY Slip Op 01601)





Mazurek v Schoppmann


2018 NY Slip Op 01601


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-08545
 (Index No. 101541/14)

[*1]Bridget Mazurek, appellant, 
v
Paul Schoppmann, et al., respondents.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Joel A. Sweetbaum], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated June 21, 2016, which granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
On September 3, 2014, the plaintiff, while ascending the front exterior staircase of a two-family residence owned by the defendants, allegedly slipped on a hamburger wrapper and fell. At the time of the accident, the plaintiff was a tenant at the premises. The plaintiff commenced this personal injury action against the defendants, alleging, inter alia, that they were negligent in their ownership and maintenance of the premises. The defendants moved for summary judgment dismissing the amended complaint. The plaintiff opposed the motion, arguing that there were certain building code violations related to the lack of a handrail on the subject staircase, and that the lack of a handrail was a proximate cause of the accident and her resulting injuries. The Supreme Court granted the defendants' motion.
On their motion, the defendants established their prima facie entitlement to judgment as a matter of law by establishing that they did not create or have actual or constructive notice of the alleged dangerous condition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In opposition, the plaintiff failed to raise a triable issue of fact in this regard.
A court should not consider the merits of a new theory of recovery, raised for the first time in opposition to a motion for summary judgment, that was not pleaded in the complaint (see Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796-797). As such, the Supreme Court did not err in declining to consider the plaintiff's new theory of recovery, raised for the first time in opposition to the defendants' motion, based on alleged building code violations related to the lack of a handrail on the subject staircase, since this theory was not pleaded in her amended complaint or set forth in her bill of particulars.
The plaintiff's remaining contention is improperly raised for the first time on appeal, [*2]and not properly before this Court (see Viera v WFJ Realty Corp., 140 AD3d 737, 739).
Accordingly, the Supreme Court correctly granted the defendants' motion for summary judgment dismissing the amended complaint.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court