Mitchell v 423 W. 55th St. (2020 NY Slip Op 06198)





Mitchell v 423 W. 55th St.


2020 NY Slip Op 06198


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 154366/12 Appeal No. 12218 Case No. 2020-02380 

[*1]Charles Mitchell, Plaintiff-Appellant,
v
423 West 55th Street, et al., Defendants, West 55th Street Building, LLC, Defendant-Respondent.


Salerno & Goldberg, P.C., Deer Park (Allen Goldberg of counsel), for appellant.
Hardin Kundla McKeon & Poletto, P.A., New York (Stephen J. Donahue of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about December 6, 2019, which, to the extent appealed from as limited by the briefs, granted defendant West 55th Street Building, LLC's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant made a prima facie showing that it could not be held liable for plaintiff's injuries because it was an out-of-possession landlord with no duty to clean the ramp on which plaintiff fell, no structural defect was alleged to have caused the accident, and it neither caused nor had notice of the cause of the accident, which plaintiff testified was oil dripping onto the ramp from the sprinkler pipe overhead. In opposition, plaintiff stated that he was not claiming that defendant was responsible for the condition of the ramp but was contending that the oily liquid had leaked from the elevator machine room, which, pursuant to its lease agreements, defendant was required to maintain. The court declined to consider plaintiff's new theory and granted defendant's motion.
On appeal, plaintiff's sole argument is that he did not introduce a new theory of liability but merely explained where the oily substance had come from. However, defendant was never placed on notice that plaintiff would allege that the oil leaked from the elevator machine room, which is on the roof of the building, rather than from the sprinkler pipe above the ramp. He did not so allege in the complaint, in the bill of particulars or in the supplemental bill of particulars, and he did not so testify at his deposition. Thus, the court correctly characterized plaintiff's opposition as raising a new theory of liability for the first time (see e.g. Biondi v Behrman, 149 AD3d 562 [1st Dept 2017], lv dismissed in part, denied in part 30 NY3d 1012 [2017]).
In any event, plaintiff failed to raise an issue of fact as to whether the oily substance had dripped down onto the ramp from the elevator machine room. His expert's affidavit, which shows that the expert never visited the premises or inspected the elevator machine room on the roof, is speculative (see Garcia-Rosales v 370 Seventh Ave. Assoc., LLC., 88 AD3d 464 [1st Dept 2011]; Zvinys v Richfield Inv. Co., 25 AD3d 358, 359-360 [1st Dept 2006], lv denied 7 NY3d 706 [2006]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020