Leading Ins. Group Ins. Co., Ltd. (U.S. Branch), Inc. v Friedman LLP (2021 NY Slip Op 03411)





Leading Ins. Group Ins. Co., Ltd. (U.S. Branch), Inc. v Friedman LLP


2021 NY Slip Op 03411


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 651049/15 Appeal No. 13960 Case No. 2020-02312 

[*1]Leading Insurance Group Insurance Company, Ltd. (U.S. Branch), Inc., et al., Plaintiffs-Respondents,
v
Friedman LLP, Defendant-Appellant.


Troutman Pepper Hamilton Sanders LLP, New York (Stephen G. Rinehart of counsel), for appellant.
Szendel PLLC, New York (Adrian M. Szendel of counsel), for respondents.



Order and amended order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about February 28, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing so much of the complaint as seeks to recover lost-time damages, unanimously reversed, on the law, without costs, and the motion granted.
Defendant established prima facie that its alleged accounting malpractice did not cause plaintiffs lost-time damages (see generally KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488, 488 [1st Dept 2014]). The complaint alleges that defendant failed to detect deficiencies in plaintiffs' loss reserves during its May 2013 audit of the financial statements they submitted to the Department of Financial Services (DFS) for the 2012 calendar year and that, had the audit been done properly, plaintiffs would have made adjustments and taken corrective measures to avoid the regulatory action. However, plaintiffs' own regulatory expert opined that DFS would have taken the same action against them regardless of whether defendant had noted their deficient reserves in its audit.
In opposition, plaintiffs failed to raise an issue of fact by way of their claim for lost-time damages. Plaintiffs submitted a report by their expert accountant, who concluded that, had the audit been done properly, DFS would have taken the same actions against plaintiffs that it took nine months later, but plaintiffs would have taken their remedial measures nine months earlier and would not have lost nine months in improving their business.
As a preliminary matter, the motion court properly considered plaintiffs' theory of lost-time damages because, although the theory was not pleaded in the complaint, it was the subject of discovery, and defendant cannot reasonably claim that it did not have notice of or was surprised by it (see Mitchell v 423 W. 55th St., 187 AD3d 661, 662 [1st Dept 2020]; Penner v Hoffberg Oberfest Burger & Berger, 44 AD3d 554, 555 [1st Dept 2007]).
There is no evidence in the record to support plaintiffs' expert accountant's assumption that if DFS had taken the same actions against plaintiffs nine months earlier, plaintiffs would have undertaken the same remedial measures nine months earlier (see Brooks v Lewin, 21 AD3d 731, 734-735 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). None of plaintiffs' witnesses addressed that issue in their testimony, and plaintiffs failed to submit an affidavit addressing the issue. Moreover, plaintiffs' regulatory expert testified that it was unclear how plaintiffs would have responded if DFS's action had been taken earlier.
The cases on which plaintiffs rely, Corcoran v Hall & Co. (149 AD2d 165, 175-176 [1st Dept 1989]) and Town of Kinderhook v Vona (136 AD3d 1202 [3d Dept 2016]), recognize that an accountant may be liable for damages proximately caused by the accountant's negligent failure to timely uncover deficiencies. However, they do not [*2]establish that plaintiffs are entitled to proceed to trial on a theory of lost-time damages that is premised on speculation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021